Filed 7/23/18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHEYANNE BEAR,<br><br>    Defendant and Appellant. | H044609<br>(Santa Clara County<br>Super. Ct. No. 70664) |

Defendant Cheyanne Bear appeals from orders summarily denying a Penal Code section 1170.18 petition to redesignate a 1980 felony grand theft conviction as a misdemeanor and a subsequent filing that the trial court construed as a second petition regarding the same conviction.[1] The trial court denied the first petition for failure to establish that the value of the property taken did not exceed $950. The trial court denied what it construed as a second petition on several grounds, including the absence of "any authority cited for the filing of a second petition after disposition of the first petition in open court."

We shall affirm the order denying defendant's first petition. We construe section 1170.18 as conferring discretion on the trial court to permit the filing of an amended petition. Because the trial court was unaware of, and did not exercise, this discretion, we reverse the second order and remand the matter to give the trial court the opportunity to exercise that discretion.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

I. **FACTUAL AND PROCEDURAL BACKGROUND**[2]

In 1978, defendant approached a high schooler on a transit bus and told him to take off his Ted Nugent concert T-shirt because defendant didn't like it. When the boy did not comply, defendant kicked him in the face and took out a knife. The boy took off the shirt and handed it to defendant who threw it out the bus window. In connection with the incident, defendant pleaded guilty to grand theft person (§§ 484-487), a felony, on January 7, 1980.[3]

The Santa Clara County Public Defender Office filed a section 1170.18, subdivision (f), petition to reduce the felony conviction to a misdemeanor on defendant's behalf on June 2, 2016. The petition did not identify the stolen item as a T-shirt, allege the value of the stolen item, attach any evidence probative of the stolen item's value, or provide the trial court with citations to the record of conviction indicating where probative evidence is located. The district attorney requested that the petition be denied for failure to "establish eligibility." The trial court denied the petition in an order filed on November 28, 2016, reasoning that defendant failed to demonstrate his eligibility for relief because "[t]he record of conviction does not establish the value of the property that was the basis for the charge . . . and Defendant has not provided any information from which that value might be determined."

Defendant, again with the assistance of the Public Defender Office, then filed a Waiver and Stipulation for Resentencing or Redesignation of Offenses on March 2, 2017, in which he and the district attorney stipulated and agreed that defendant is eligible to have his felony grand theft conviction designated as a misdemeanor under section 1170.18, subdivision (f). The superior court construed the filing as a second

---

[2] The facts are taken from the preliminary hearing transcript.
[3] At the time, section 487, subdivision (2), defined grand theft to include theft "[w]hen the property is taken from the person of another," without reference to the property's value. (Stats. 1965, ch. 161, § 1.)

2

petition and, on April 5, 2017, denied it on several grounds: the absence of an "allegation of any changed circumstance," the absence of "any authority cited for the filing of a second petition after disposition of the first petition in open court," "the order on the original petition was not made without prejudice," and failure to make a prima facie showing of eligibility.

Defendant timely appealed from that order. Defendant also moved this court for relief from default for failure to timely appeal from the November 28, 2016 order. This court granted that motion on the condition that defendant file a notice of appeal in superior court within 10 days, which he did.

## II.    DISCUSSION

### A.    *Proposition 47*

In November 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Page* (2017) 3 Cal.5th 1175, 1179, 1181 (*Page*).) Proposition 47 "reduced the punishment for certain theft- and drug-related offenses, making them punishable as misdemeanors rather than felonies." (*Page*, *supra*, at p. 1179.) Under Proposition 47, grand theft of property valued at $950 or less is a misdemeanor if the defendant does not have a specified prior conviction. (§ 490.2, subd. (a).) Proposition 47 also added section 1170.18, which permits a defendant to petition to have his or her felony conviction resentenced to or redesignated as a misdemeanor. (§ 1170.18, subds. (a), (b), (f) & (g).) A petition or application under section 1170.18 must be filed on or before November 4, 2022, absent a showing of good cause.[4] (§ 1170.18, subd. (j).)

"[T]he proper allocation of the burden of proof . . . [was] not set out expressly in the text of Proposition 47." (*Page*, *supra*, 3 Cal.5th at p. 1189.) Courts have held that the

---

[4] Originally, the deadline was three years after the effective date of Proposition 47. (Former § 1170.18, subd. (j).) That deadline was extended to November 4, 2022 effective January 1, 2017. (Legis. Counsel's Dig., Assem. Bill No. 2765 (2015-2016 Reg. Sess.)

petitioner bears the burden of proving eligibility for relief. (*People v. Romanowski* (2017) 2 Cal.5th 903, 916 (*Romanowski*).) The first case to so hold was *People v. Sherow* (2015) 239 Cal.App.4th 875, 878-879 (*Sherow*), which was issued on August 11, 2015. *People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137 (*Perkins*), issued on January 25, 2016, articulated what a petitioner must do to carry that burden, including, "where the offense of conviction is a theft crime reclassified based on the value of stolen property, showing the value of the property did not exceed $950" by "attach[ing] information or evidence necessary to enable the court to determine eligibility."

"In some cases, the uncontested information in the petition and record of conviction may be enough for the petitioner to establish this eligibility. . . . But in other cases, eligibility for resentencing may turn on facts that are not established by either the uncontested petition or the record of conviction. In these cases, an evidentiary hearing may be 'required if, after considering the verified petition, the return, any denial, any affidavits or declarations under penalty of perjury, and matters of which judicial notice may be taken, the court finds there is a reasonable likelihood that the petitioner may be entitled to relief and the petitioner's entitlement to relief depends on the resolution of an issue of fact.' (Cal. Rules of Court, rule 4.551(f); see also *People v. Sherow* (2015) 239 Cal.App.4th 875, 880 ['A proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination.'].)" (*Romanowski*, *supra*, 2 Cal.5th at p. 916.)

### B.    *The First Petition*

Defendant concedes that, at the time he filed his first petition, "the law was clear that the petitioner bears the burden to establish [Proposition 47] eligibility . . . ." Yet he did nothing to carry that burden: the first petition did not identify the stolen item as a T-shirt, allege the value of the stolen item, attach any evidence probative of the stolen item's value, or provide the trial court with citations to the record of conviction indicating

where probative evidence is located.  Plainly, defendant did not meet his burden.
(See *Perkins*, *supra*, 244 Cal.App.4th at p. 141 [to carry burden of showing eligibility for Proposition 47 relief, "defendant should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing, for each conviction, that the stolen [item] did not exceed $950 in value"].)

Defendant contends that his failure to carry his burden "makes no difference" because "the trial court expressly stated it had considered the record of conviction, which included the preliminary hearing transcript," which in turn established that the stolen item was a T-shirt.  We disagree.  Accepting defendant's argument would improperly place the burden on the trial court to search the record of conviction for the evidence necessary to support the petition.  It is defendant's burden and he did not carry it.  Therefore, we affirm the November 28, 2016 order denying the first petition.

### C.     *The Stipulation*

Approximately three months after the trial court denied the first petition, defendant and the district attorney filed a stipulation in which they agreed that defendant is eligible to have his felony grand theft conviction redesignated as a misdemeanor under section 1170.18, subdivision (f).  The superior court construed the stipulation as a second petition and denied it for failure to allege "any changed circumstance," cite any authority "for the filing of a second petition after disposition of the first petition" that "was not . . . without prejudice," or make a prima facie showing of eligibility for relief in the new petition.  The parties assert that none of these bases for denying defendant relief was valid.

> 1.     *Section 1170.18 Confers Discretion on Trial Courts to Permit the Filing of Amended Petitions*

The primary issue raised on appeal from the trial court's second order is whether, after the denial of a section 1170.18 petition for failure to make a prima facie showing of

eligibility, section 1170.18 authorizes the filing of a second or amended petition regarding the same conviction.

Defendant contends multiple petitions—whether characterized as amended or second petitions—regarding the same conviction are permitted because section 1170.18 does not preclude them and is to be liberally construed. In his view, the only limitation on multiple section 1170.18 petitions is the section 1170.18, subdivision (j) requirement that petitions be filed on or before the statutory deadline. The Attorney General says a second petition regarding the same conviction is permitted when the law was unsettled at the time of the first petition, a circumstance that does not apply here.[5] But the Attorney General maintains this case does not involve a second petition, but rather an amendment

---

[5] Courts, including this one, frequently have affirmed the denial of Proposition 47 petitions "without prejudice" to the defendant filing another petition. (See *Sherow*, *supra*, 239 Cal.App.4th at p. 881 [affirming order denying Proposition 47 petition "without prejudice to subsequent consideration of a properly filed petition"]; *Perkins*, *supra*, 244 Cal.App.4th at p. 142 [affirming order denying Proposition 47 petition "without prejudice to consideration of a subsequent petition that supplies evidence of [defendant's] eligibility"].) The Supreme Court recently took that approach in *Page*, *supra*, 3 Cal.5th p. 1190, modifying the judgment of the Court of Appeal "to provide that the superior court's order denying defendant's petition is affirmed without prejudice to consideration of a petition providing evidence of his eligibility." The *Page* court reasoned that the petitioner in that case was "entitled to an opportunity to file a new petition" because "the proper allocation of the burden of proof and the facts necessary to resentencing on a Vehicle Code section 10851 conviction were not set out expressly in the text of Proposition 47, and . . . neither had yet been judicially articulated when defendant submitted his petition for recall" two weeks after Proposition 47 took effect. (*Page*, *supra*, at p. 1189.) Likewise, the court in *Perkins* affirmed without prejudice because, "when defendant filed his petition, the ground rules were unsettled." (*Perkins*, *supra*, at p. 140.)

That rationale has no application here. Defendant filed his first petition in June 2016. By then, courts had held that the petitioner bears the burden of proving section 1170.18 eligibility (*Sherow*, *supra*, 239 Cal.App.4th at pp. 878-879) and had explained what a petitioner must do to carry the burden of proving section 1170.18 eligibility (*Perkins*, *supra*, 44 Cal.App.4th at pp. 136-137). Indeed, defendant concedes that, "[a]t the time [he] filed his initial section 1170.18 petition, the law was clear that the petitioner bears the burden to establish eligibility . . . ."

6

to the first petition. The Attorney General argues the court should have permitted the amendment under the general rule allowing pleadings to be amended liberally because defendant established a "reasonable possibility" he could cure the defect that led to the denial of the first petition.

Section 1170.18 does not expressly state whether a second or amended petition is permitted where the first fails to satisfy the statutory criteria. Where, as here, a statute is silent, we employ "the ordinary presumptions and rules of statutory construction." (*Californians For Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 230; *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 224 ["Because section 391.7 is silent on this issue, we turn to well-settled rules of statutory construction"].)

### a. *Principles of Statutory Construction*

" 'In interpreting a voter initiative like [Proposition 47], we apply the same principles that govern statutory construction.' " (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1099.) In construing a statute, our fundamental task is to determine the Legislature's intent so as to effectuate the law's purpose. (*People v. Cornett* (2012) 53 Cal.4th 1261, 1265.) "In the case of [an initiative] adopted by the voters, their intent governs." (*People v. Jones* (1993) 5 Cal.4th 1142, 1146.) We may consider the "the analyses and arguments contained in the official ballot pamphlet as extrinsic evidence of the voters' intent and understanding of the initiative." (*Schmeer v. County of Los Angeles* (2013) 213 Cal.App.4th 1310, 1316-1317.) The initiative's purpose and public policy also are proper considerations. (*People v. Arias* (2008) 45 Cal.4th 169, 177.)

### b. *Analysis*

We begin by considering the initiative's purpose. Among the stated "purpose[s]" of the voters in enacting Proposition 47 was to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, p. 70 (Guide).) Proposition 47 also expressly states

7

that it "shall be broadly construed to accomplish its purposes" and "shall be liberally construed to effectuate its purposes." (Guide, *supra*, §§ 15, 18, p. 74.)

As to public policy, California courts have long adhered to the "policy that cases should be tried on their merits rather than dismissed for technical defects in pleading." (*Bloniarz v. Roloson* (1969) 70 Cal.2d 143, 149; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 [noting the strength of the policy that "seeks to dispose of litigation on the merits rather than on procedural grounds"].) In furtherance of that policy, "liberal interpretation and amendment of pleadings is strongly favored . . . ." (*Dieckmann v. Superior Court* (1985) 175 Cal.App.3d 345, 352; *Herrera v. Superior Court* (1984) 158 Cal.App.3d 255, 259 [" 'Great liberality is indulged in matters of amendment to the end that lawsuits may be determined upon their merits' "].)

These "principles apply in the criminal context" as well. (*People v. Huerta* (2016) 3 Cal.App.5th 539, 544 [stating, in dicta, that liberal amendment principles apply to Proposition 47 petitions].) For example, in a habeas corpus proceeding, "a court issuing an OSC retains the discretion to grant a party leave to amend" to cure any "technical irregularities in the pleadings . . . . Retention of this power is necessary to ensure that technical and inadvertent pleading errors do not lead to premature dismissals that would frustrate the ends of justice or require holding unnecessary evidentiary hearings that would squander scarce judicial resources." (*People v. Duvall* (1995) 9 Cal.4th 464, 482.)

Broadly construing section 1170.18 as giving superior courts discretion to grant a Proposition 47 petitioner leave to amend to cure pleading defects would further the initiative's purpose of *requiring* misdemeanors instead of felonies for nonserious, nonviolent crimes. By contrast, prohibiting the amendment of section 1170.18 petitions such that pleading errors lead to the denial of meritorious petitions would not advance the initiative's purposes.

8

The policy in favor of doing justice by resolving litigation on the merits rather than on procedural grounds likewise supports a reading of section 1170.18 that authorizes superior courts, in their discretion, to grant a Proposition 47 petitioner leave to amend.

Other provisions of section 1170.18 also support such a construction. Section 1170.18 has been amended to extend the original three-year deadline by which a petition or application must be filed. (Compare § 1170.18, subd. (j) [petition or application generally must be filed on or before Nov. 4, 2022] with *id*., former subd. (j), added by Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014) [petition or application generally must be filed within three years after the effective date of Prop. 47].) That extension reflects an intent to increase, not restrict, the ability of qualifying petitioners to obtain relief under section 1170.18. Construing section 1170.18 to allow petitions to be amended in the trial court's discretion is consistent with that intent.

In view of the initiative's purposes and provisions, as well as the long-standing policy of resolving litigation on the merits, we construe section 1170.18 as conferring discretion on the trial courts to grant Proposition 47 petitioners leave to amend their petitions.

Defendant neither sought nor obtained court approval prior to filing the stipulation, which defendant did not identify as an amended petition. And the trial court plainly was unaware that it had the discretion to permit the filing of an amended petition. For these reasons, we conclude that reversal is required. Because the law regarding whether amended petitions were permitted was unclear at the time defendant filed the stipulation, we further conclude that defendant is entitled to an opportunity to seek leave to file an amended petition on remand. (Cf. *Page*, *supra*, 3 Cal.5th at p. 1189.) The trial court should exercise its discretion in considering whether to allow defendant to file the amended petition.

9

## 2. *Guidance on Remand*

To provide some guidance to the trial court on remand, we address other aspects of its second order.

The trial court reasoned that the stipulation failed to make a prima facie showing of eligibility for Proposition 47 relief. Yet the district attorney and defense counsel declared under penalty of perjury that defendant is entitled to have his theft conviction reduced to a misdemeanor. Implicit in that declaration is the representation that defendant stole an item valued at $950 or less. Because "undisputed facts acknowledged by the parties" constitute evidence supporting a finding of eligibility for Proposition 47 relief, the stipulation made a prima facie showing of eligibility. (*People v. Hall* (2016) 247 Cal.App.4th 1255, 1263.)

We also note that evidence in the record of conviction that the stolen item was a high schooler's T-shirt gives rise to the reasonable inference that the stolen property was worth less than $950 and thus " 'a reasonable likelihood that the petitioner may be entitled to relief . . . .' " (*Romanowski*, *supra*, 2 Cal.5th at p. 916.) Accordingly, if such evidence were properly brought to the attention of the trial court, an evidentiary hearing would be required to resolve the factual dispute as to the t-shirt's value. (*Ibid.*)

## III. DISPOSITION

The November 28, 2016 order is affirmed. The April 5, 2017 order is reversed and the matter is remanded to the trial court. Defendant shall have 30 days following issuance of remittitur to seek leave to file an amended petition.

_____

ELIA, ACTING P. J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, J.

_____

MIHARA, J.

*People v. Bear*
H044609

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No.: 70664 |
| | |
| Trial Judge: | Honorable Linda R. Clark |
| | |
| Counsel for Plaintiff and Respondent:<br>THE PEOPLE | Xavier Becerra<br>Attorney General |
| | Gerald A. Engler<br>Chief Assistant Attorney General |
| | Jeffrey M. Laurence<br>Senior Assistant Attorney General |
| | Donna M. Provenzano<br>Supervising Deputy Attorney General |
| | Victoria Ratnikova<br>Deputy Attorney General |
| | |
| Counsel for Defendant and Appellant:<br>CHEYENNE BEAR | Anna L. Stuart<br>Sixth District Appellate Program |