Filed 8/12/16

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E063687 |
| v. | (Super.Ct.No. RIF1303009) |
| WILLIE ABARCA, JR., | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County. Becky Dugan, Judge. Affirmed.

Michael A. Hestrin, District Attorney, and Emily R. Hanks, Deputy District Attorney for Plaintiff and Appellant.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Respondent.

1

The People appeal from the superior court's order granting defendant Willie Abarca Jr.'s Proposition 47 resentencing petition. (Pen. Code, § 1170.18.)

Abarca pled guilty to one felony count of second degree burglary (§ 459)[1] based on his attempt to pass a forged check for $300 at a bank. After the electorate passed Proposition 47, Abarca sought to have his felony conviction redesignated as the newly created misdemeanor of shoplifting—entering an open commercial establishment with intent to commit larceny of $950 or less. (§ 459.5, subd. (a).) Abarca's petition says "the value of the check . . . does not exceed $950.00." The People responded by contending Abarca's offense does not constitute shoplifting because banks are not commercial establishments. The superior court concluded banks are commercial establishments, granted Abarca's petition, and resentenced him.

The People advance three grounds for reversing the superior court order granting the petition. First, the People contend the superior court erred in reaching the merits because Abarca did not carry his initial burden by attaching evidence to his petition. Second, the People contend the superior court erred in determining a bank is a commercial establishment. Third, they contend the superior court erred because Abarca's underlying conduct could have been punished as felony burglary even after Proposition 47, because Abarca's act of passing a forged check constituted identity theft. We disagree with each asserted error and therefore affirm.

---

[1] Unlabeled statutory citations refer to the Penal Code.

2

# I

# FACTUAL BACKGROUND

According to a declaration supporting an arrest warrant for Abarca, on July 10, 2013, "Willie Abarca walked into the U.S. Bank [at 12612 Limonite Avenue] and attempted to cash a check (#557) from Newport Coach Works Inc. in the amount of $300.00." Abarca left the bank without obtaining cash while a bank employee was checking the signature against bank records. The investigating deputy sheriff "contacted the account owner[,] Carter Read," who reported "he does not know Abarca, never gave Abarca a check . . . and did not give permission for any of his employees to give Abarca a check."

The Riverside County District Attorney charged Abarca with one felony count of burglary (§ 459; count 1) and one felony count of forgery (§ 475, subd. (c); count 2). The information also alleged Abarca had five prison priors within the meaning of 667.5, subdivision (b).

In the burglary count, the prosecution accused Abarca of committing "a violation of Penal Code section 459, a felony, in that on or about July 10, 2013, in the County of Riverside, State of California, he did wilfully and unlawfully enter a certain building located at 12612 LIMONITE AVE, EASTVALE, CA, with intent to commit theft and a felony."

In the forgery count, the prosecution accused Abarca of committing "a violation of Penal Code section 475, subdivision (c), a felony, in that on or about July 10, 2013, in the County of Riverside, State of California, he did wilfully and unlawfully possess a completed check, money order, traveler's check, warrant, and county order, with the intent to utter and pass and facilitate the utterance and passage of the same, in order to defraud READ C."

On November 18, 2013, Abarca pled guilty to the commercial burglary count and admitted two prison priors. At the plea hearing, the superior court asked Abarca, "[I]s it true on July 10th, 2013 in Riverside County, you went into a building with the intent to commit a felony?" Abarca replied, "Yes." The superior court found "a factual basis for the plea and . . . accept[ed] the plea."

On December 9, 2013, in accordance with the plea agreement, the superior court dismissed the forgery count and struck the remaining three prison prior allegations. The superior court sentenced Abarca to an upper term of three years in county jail on the burglary count and consecutive one-year enhancements for each of the two prison priors. The court suspended execution of the final two years of the sentence and ordered two years of mandatory supervision.

On November 4, 2014, the voters of California passed Proposition 47, reducing some felony theft- and forgery-related offenses to misdemeanors when the value of the stolen property does not exceed $950. (E.g., §§ 459.5, subd. (a) [redefining some theft as shoplifting], 490.2, subd. (a) [redefining some grand theft as petty theft], 473, subd. (b)

4

[changing punishment for some forgery and counterfeiting offenses].) The initiative also created a resentencing procedure allowing offenders to petition for resentencing if they are "currently serving a sentence for a conviction" for committing a felony and "would have been guilty of a misdemeanor under" the provisions added by Proposition 47. (§ 1170.18, subd. (a).)

On December 10, 2014, Abarca submitted a petition asking the superior court to recall his commercial burglary conviction and resentence him under section 1170.18, subdivision (a). The petition declares "the value of the check or property does not exceed $950."

On March 11, 2015, the prosecution submitted a response stating "[d]efendant is *not entitled* to the relief requested" because a "[b]ank is not a commercial establishment." The prosecution did not contest the value of the forged check or contend Abarca was ineligible for resentencing for any other reason. Nor did the prosecution check boxes provided to request a hearing to determine whether defendant poses an unreasonable risk of danger to the public safety or for any other reason.

On April 23, 2015, the superior court entered an order granting Abarca's petition.[2] The order indicates the superior court did not hold a hearing on his petition. The order overruled the prosecution's "objection that [a] bank is not [a] commercial establishment." The superior court ordered count one "deemed a misdemeanor . . . amend[ed] count 001

---

[2] The same superior court judge presided over Abarca's plea and sentencing hearings and his resentencing proceedings.

5

to a violation of 459.5 PC," and sentenced Abarca to county jail "for the term of 364 days." Because Abarca had already served 364 days, the superior court ordered him released. The superior court also gave both parties "10 days to file briefs preserving appellate issues." The appellate record indicates neither party filed a brief raising additional issues.

On May 27, 2015, the People filed a notice of appeal.

## II

## DISCUSSION

A.      *Petitioner's Burden*

The People contend the superior court erred in granting the petition because Abarca did not "present any evidence whatsoever regarding the underlying facts of his section 459 conviction." In effect, the People contend the superior court was not permitted to reach the merits of Abarca's petition without first finding the petitioner had made a prima facie case of entitlement to resentencing. We find no error.

In the first place, the People fail to set forth what constitutes a prima facie case or how Abarca's petition was defective. "An appellate court is not required to examine undeveloped claims, nor to make arguments for parties." (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.) We decline to do so here.

Even assuming the People's argument is that Abarca failed to show he passed a forged check for an amount that did not exceed $950, we refuse to reverse on that basis. Abarca filed a signed petition declaring, under penalty of perjury, that "the value of the

6

check" he was convicted of passing "does not exceed $950." The People did not contest the assertion in their responsive pleading in the superior court. Nor did they in any way address the sufficiency of the petition. Even when the superior court granted the petition and gave the People "10 days to file briefs preserving appellate issues," they chose not to object to the sufficiency of the petition.

Moreover, in this court, the People admit Abarca's offense involved passing a bad $300 check, and also admit "[t]he trial court's order granting the petition was based on a review of the court's record" which contained the arrest warrant showing the value of the bad check. Under these circumstances, we cannot find the superior court abused its discretion by reaching the merits of Abarca's petition.[3]

B.      *Commercial Establishment*

The People contend the superior court erred by determining Abarca was entitled to resentencing on his conviction for burglarizing U.S. Bank as shoplifting (§ 459.5) on the ground that a bank is not a commercial establishment. Again, we find no error.

Proposition 47 added section 459.5 to the Penal Code. The new section provides: "Notwithstanding Section 459 [burglary], shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be

---

[3] The People do not appeal the superior court's finding based on its review of the record of conviction that the value of the check did not exceed $950, nor do they argue the court's finding was not supported by substantial evidence.

taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary." We review de novo the superior court's interpretation of this provision. (*People v. Rizo* (2000) 22 Cal.4th 681, 685.)

Neither Proposition 47 nor the Penal Code defines *commercial establishment*. We therefore understand it to have the meaning it bears in ordinary usage. (See *Title Ins. & Trust Co. v. County of Riverside* (1989) 48 Cal.3d 84, 91.) If the language is unambiguous on its face, we interpret it accordingly. If the language is ambiguous, we may consult ballot summaries and other extrinsic materials to aid us in determining the voters' intent. (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571.)

"When attempting to ascertain the ordinary, usual meaning of a word, courts appropriately refer to the dictionary definition of that word." (*Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1121-1122.) Black's Law Dictionary defines "establishment" as "[a]n institution or place of business." (Black's Law Dict. (7th ed. 1999) p. 566, col. 2.) It defines "commerce" to mean: "The exchange of goods *and services*." (*Id.* at p. 263, col. 1, italics added.) Other sources are in accord. (Merriam-Webster.com [defining "commerce" as "activities that relate to the buying and selling of goods and services"]; BusinessDictionary.com [defining "commerce" as the "[e]xchange of goods or services for money or in kind"].) Thus, we interpret the term "commercial establishment" as it appears in section 459.5, subdivision (a) to mean a

8

place of business established for the purpose of exchanging goods or services. (Accord, *In re J.L.* (2015) 242 Cal.App.4th 1108, 1114.)

Banks satisfy this definition. Bank customers use banks to deposit and withdraw funds in exchange for fees. In the context of approving banks' ability to collect fees from non-depositors who use their automatic teller machines, the U.S. Court of Appeals for the Ninth Circuit noted "[t]he depositing of funds and the withdrawal of cash are services provided by banks since the days of their creation. Indeed, such activities define the business of banking." (*Bank of America v. City & County of San Francisco* (9th Cir. 2002) 309 F.3d 551, 563.) Thus, a business like U.S. Bank provides financial services in exchange for fees, and is therefore a commercial establishment within the ordinary meaning of that term. We conclude, therefore, that the superior court did not err in holding Abarca's offense qualified as shoplifting under section 459.5, subdivision (a).

The People argue we should take a narrower view of the ordinary meaning of "commercial establishment" as meaning a place of business established for the purpose of exchanging goods or merchandise. Some definitions of "commerce" and "commercial" are in accord with this argument. (E.g., American Heritage Dict. (New College ed. 1976) p. 267 [defining commerce as "the buying and selling of *goods*"], italics added.) Under that definition, banks would not be commercial establishments because they offer services, not goods or merchandise. At best, this alternative definition creates an ambiguity in the statute. However, as the initiative directs, we construe the act "broadly . . . to accomplish its purposes." (Cal. Voter Information Pamp., Gen. Elec. (Nov. 4,

9

2014) text of Prop. 47, p. 74, § 15 at <http://vig.cdn.sos.ca.gov/2014/general/en/pdf/complete-vigr1.pdf>; see also *id.* at p. 74, § 18 [act shall be "liberally construed to effectuate its purposes"].) The stated purposes of the electorate include "[r]equir[ing] misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession." (*Id.* at p. 70, § 3, subds. (3) & (4).) Adopting the limited definition of "commercial establishment" will frustrate those purposes and result in the continued incarceration of persons who committed petty theft crimes. Accordingly, we construe section 459.5, subdivision (a) to include as shoplifting thefts from commercial ventures, such as banks, which sell services.

## C. *Identity Theft*

The People contend the superior court erred in granting Abarca's petition for resentencing because identity theft, not larceny or forgery, was the predicate act for the burglary conviction.

To begin with, the People have forfeited this claim of error. The prosecution did not raise identity theft in relation to the original conviction. Instead, it charged Abarca with entering the bank with the intent to commit "theft and a felony" (the burglary count) and forgery. Neither the prosecution nor the superior court mentioned identity theft at the plea hearing. The superior court asked only if Abarca "went into a building with the intent to commit a felony." Nor did the prosecution raise identity theft in any way during resentencing proceedings. It did not claim identity theft was the predicate for Abarca's burglary conviction. Nor did it contend Abarca was ineligible for resentencing for that

reason. The People's only objection to resentencing Abarca was their contention that a bank does not qualify as a commercial establishment. In addition, in its order granting the petition, the superior court allowed both parties 10 days to brief any additional issues they wished to preserve for appeal. The People did not take advantage of the opportunity to raise identity theft even then, and therefore forfeited the issue. (*People v. Taylor* (2009) 174 Cal.App.4th 920, 937.)

Even if the claim had not been forfeited, we would find no error on the merits. Abarca was entitled to resentencing if his conviction for burglary was predicated on his intent to commit theft or forgery, both of which are eligible offenses under Proposition 47. (§§ 490.2, subd. (a) ["obtaining any property by theft where the value of the money . . . does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor"]; 473, subd. (b) ["any person who is guilty of forgery relating to a check . . . where the value of the check . . . does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year"].) The superior court's determination that Abarca was entitled to resentencing was based on the implicit finding that his conviction *was* predicated on his intent to commit theft or forgery. On review, we indulge in every presumption to uphold the judgment and look to the appellant to show error. (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549.) The People have not shown error here.

As we have discussed, identity theft played no role in the prosecution of Abarca. The People charged him with burglary and forgery. The prosecution entered a plea

11

bargain with Abarca whereby he pled guilty to burglary, and the People agreed to dismiss the forgery count. At the plea hearing, the superior court asked Abarca whether he had entered a building with the intent to commit a felony. The same court decided Abarca's petition for resentencing and presumably had access to all the records we have on appeal. Based on this history and these records, we conclude the superior court did not abuse its discretion in finding theft or forgery to be the predicate of the burglary charge, and therefore did not err in granting Abarca's petition.

Proposition 47 provides a petitioning procedure allowing offenders to seek resentencing on existing felony *convictions* by showing Proposition 47 reclassified the crime of conviction as a misdemeanor. (§ 1170.18, subd. (a).) If a petitioner qualifies, the remedy in subdivision (b) is for "the petitioner's felony sentence [to] be recalled and the petitioner resentenced to a misdemeanor." (§ 1170.18, subd. (b), italics added.) The statutory language is entirely focused on resentencing offenders for existing, but reclassified, *convictions.* It does not require a petitioner to examine the Penal Code for other offenses his conduct would have supported and prove he would not have been convicted of those in addition. (§ 1170.18, subd. (a).) Nor does it suggest the superior court must examine the Penal Code to assure itself before granting a petition that an offender could not have been convicted of a different felony for the same underlying conduct. (§ 1170.18, subd. (b).) Accordingly, we decline to reverse the superior court's order granting the petition on the basis that the People could have prosecuted Abarca for felony burglary predicated on identity theft.

12

# III

## DISPOSITION

We affirm the order granting Abarca's petition for resentencing.

CERTIFIED FOR PUBLICATION

SLOUGH_____

J.

We concur:

McKINSTER_____

          Acting P. J.

MILLER_____

          J.