Filed 9/21/16

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E065365 |
| v. | (Super.Ct.No. RIF150255) |
| JULIA ROSA HUERTA, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Michael A. Hestrin, District Attorney, and Donald W. Ostertag, Deputy District

Attorney, for Plaintiff and Appellant.

Caroline R. Hahn, under appointment by the Court of Appeal, for Defendant and

Respondent.

1

The People appeal from the trial court's order granting defendant Julia Rosa Huerta's petition to redesignate a prior felony conviction as a misdemeanor under The Safe Neighborhoods and Schools Act (Proposition 47). (Pen. Code, § 1170.18.)

Huerta pled guilty to one felony count of second degree commercial burglary (§ 459)[1] based on her theft of eight bottles of perfume worth $463 from a Sears Department Store. Huerta sought to have her conviction redesignated as the newly created misdemeanor of shoplifting—entering an open commercial establishment with intent to commit larceny of $950 or less. (§ 459.5, subd. (a).) Huerta's petition says "the value of the . . . property does not exceed $950.00." At a hearing, the People did not contest the value of the stolen property, but contended Huerta's burglary offense does not qualify as shoplifting because she entered the store with another person with whom she shared the intent to commit conspiracy. The trial court concluded Huerta had the intent to commit larceny and the loss did not exceed $950, and redesignated her conviction as misdemeanor shoplifting.

The People appeal, contending the trial court erred by (i) reaching the merits when Huerta failed to satisfy her initial burden by attaching evidence to her petition and (ii) concluding Huerta was eligible for relief when her conduct could have been punished as felony burglary even after Proposition 47, because she entered Sears with the intent to commit conspiracy. (§ 182.)

---

[1] Unlabeled statutory citations refer to the Penal Code.

We find no error and affirm.

# I

# FACTUAL BACKGROUND

According to a Riverside County Sheriff's Department incident report prepared on April 18, 2009, a loss prevention agent stopped Huerta and a companion as they exited a Sears Department Store and found "eight bottles of fragrance worth $463 . . . in the shopping bag belonging to Huerta" and "four bottles of fragrance . . . worth $174.50" in a "purse belonging to [Huerta's companion]."  After law enforcement informed her of her *Miranda*[2] rights, "Huerta stated she is guilty of stealing the fragrances" but "she did not enter the business with the intent to steal the fragrance."

The Riverside County District Attorney charged Huerta with one felony count of grand theft (§ 487, subd. (a); count 1), one felony count of petty theft with a prior (§§ 484; 666, subd. (a); count 2), and one felony count of second degree commercial burglary (§ 459; count 3).  The complaint also alleged Huerta committed the offense while released from custody on a prior case within the meaning of section 12022.1.

On October 29, 2009, Huerta pled guilty to one count of second degree commercial burglary.  At the plea hearing, the trial court asked Huerta how she pled to the charge that on "April 18, 2009 . . . you did willfully, unlawfully enter a building (that being Sears, 22550 Town Circle, Moreno Valley) with the intent to commit theft or a

---

[2]  *Miranda v. Arizona* (1966) 384 U.S. 436.

3

felony." Huerta replied, "Guilty." The trial court found a factual basis for her plea and imposed a state prison sentence of 16 months.

On November 4, 2014, the voters of California passed Proposition 47, reducing some felony theft-related offenses to misdemeanors when the value of the stolen property does not exceed $950. (E.g., §§ 459.5, subd. (a); 490.2, subd. (a).) The initiative also created a procedure allowing offenders who have completed their sentences to apply to redesignate prior convictions if they "would have been guilty of a misdemeanor under" provisions added or amended by Proposition 47. (§ 1170.18, subd. (f).)

On April 7, 2015, Huerta filed her petition for relief under section 1170.18, subdivision (f). Huerta used the mandatory form for petitioning for resentencing in the Riverside County Superior Court. Her attorney checked the boxes describing her conviction offense and the box indicating she "believes the value of the . . . property does not exceed $950," and signed the form under penalty of perjury. Huerta did not submit any additional supporting documents or evidence. The People responded only that it was "D Burden" to show eligibility. The trial court set the matter for an evidentiary hearing, indicating the issue to be addressed was the "value of stolen property."

At the hearing, held on December 11, 2015, defense counsel represented Huerta "was caught with eight bottles of perfume totalling $463 . . . [and] a codefendant . . . had four bottles of perfume totalling $174.50." The trial court said, "So still under $950." The People did not contest the representation of value. Instead, they objected to redesignation of the offense as shoplifting on the ground Huerta had the "intent to

4

commit theft, which is a wobbler, because she went in with another accomplice and they did this together" so "[i]t's an uncharged conspiracy." The trial court granted the petition, finding Huerta was convicted for entering Sears with the intent to commit larceny and that the value of the stolen property did not exceed $950, "even including the codefendants' amounts."

The People submitted the April 18, 2009 incident report to support their position Huerta's conviction was for a burglary predicated on conspiracy. The incident report categorizes Huerta's offense as a "Burglary" of the type "S L Shop Lift" and confirms defense counsel's representations about the value of the stolen property.

## II

## DISCUSSION

The People contend the trial court erred by granting the petition because (i) Huerta failed to meet her initial burden to show eligibility for relief under Proposition 47 by attaching evidence to her petition and (ii) Huerta is ineligible for relief because her conduct supported a burglary conviction predicated on the felony of conspiracy. We disagree with both contentions.

A. *Petitioner's Burden*

The People contend the trial court's ruling is erroneous because Huerta's "section 1170.18 petition failed to present any evidence regarding the underlying facts of her section 459 conviction." In effect, the People contend the trial court abused its discretion

5

by reaching the merits of Huerta's petition without first finding she had made a prima facie case of entitlement to resentencing.

We have concluded elsewhere that section 1170.18 cannot be read to limit the trial court's discretion as the People propose. (*People v. Abarca* (2016) 2 Cal.App.5th 475.) The People present neither contrary authority nor any other reason to conclude the trial court was *required* to summarily deny Huerta's petition because she failed to attach evidence to her petition. We conclude the trial court acted within its discretion to consider evidence contained in court records and to set an evidentiary hearing to establish the facts underlying Huerta's conviction.

Even if the trial court *had* exercised its discretion to consider whether to dismiss Huerta's petition as deficient, it would have been an abuse of discretion to deny her the opportunity to cure the failure through amendment. "[T]he general rule of liberal allowance of pleading amendment" requires the reviewing court to grant leave to amend if there is a "reasonable possibility" the party can amend the pleading to cure its defects. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1387; *Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1042 (*Kong*) ["If there is a reasonable possibility [amendment will] . . . cure the defects, leave to amend *must be granted*"], italics added.) The same liberal amendment principles apply in the criminal context. (4 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Pretrial Proceedings, § 242, p. 501 ["The court may order or permit an amendment

6

for any defect or insufficiency [in the accusatory pleading], at any stage of the proceedings"]; *People v. Duvall* (1995) 9 Cal.4th 464, 482 [same for habeas pleadings].)

Here, denying Huerta's petition without leave to amend would have led to a premature dismissal of a meritorious petition. The appellate record demonstrates there is at least a reasonable possibility Huerta could have amended her petition to allege facts to cure the alleged deficiency. (*Kong*, *supra*, 108 Cal.App.4th at pp. 1042-1043, 1048 [reversing order sustaining demurrer and directing trial court to allow amendment because plaintiff's representations at oral argument on appeal indicated a reasonable possibility he could amend his complaint to state a cause of action].) At the hearing, Huerta's counsel represented she "was caught with eight bottles of perfume totaling $463 . . . [and] a codefendant . . . had four bottles of perfume totalling $174.50," and the People did not contest these amounts. The prosecutor's silence during defense counsel's representations of these facts effectively forfeited the People's objection that defendant did not carry his burden. (*People v. Gerold* (2009) 174 Cal.App.4th 781, 784.) The People also submitted a sheriff's incident report confirming the truth of defense counsel's representations and, in this court, admitted Huerta and her companion stole "eight bottles of . . . fragrance valued at $463" and "four bottles of . . . fragrance valued at $174.50," respectively.[3] These facts show Huerta could amend her petition to include a declaration to satisfy her burden under section 1170.18.

---

[3] The People contend section 1170.18 does not limit the courts to the record of conviction in determining eligibility and argue we "should consider the facts outlined in

*[footnote continued on next page]*

Under these circumstances, we cannot find the trial court abused its discretion by failing to deny Huerta's petition as deficient.[4]

B.    *Intent to Commit Larceny*

The People argue Huerta did not act "with the sole intent to commit larceny under $950. Rather, she entered the department store in concert with [an accomplice] with the intent to commit the crime of conspiracy therein." On this basis, the People contend Huerta was not eligible under Proposition 47 to have her commercial burglary conviction redesignated as misdemeanor shoplifting. We find this argument unpersuasive because it ignores the plain text of the statute.

The People's argument raises the question, conspiracy to do what? They answer the uncharged conspiracy was a conspiracy to commit larceny. They argue intent to commit conspiracy is not shoplifting, and burglary predicated on such a conspiracy may be charged as a felony even after the electorate enacted Proposition 47. That may be true for some forms of conspiracy. It is not true, however, for conspiracy to commit larceny. If Huerta harbored the intent to conspire to commit larceny, she necessarily harbored the intent to commit larceny as well. Indeed, it is the People's position that Huerta engaged

---

*[footnote continued from previous page]*

the police report." We agree. (*People v. Johnson* (2016) 1 Cal.App.5th 953, 959-960; *People v. Perkins* (2016) 244 Cal.App.4th 129, 140 & fn. 5.)

[4] The People do not appeal the trial court's finding the stolen perfume was worth less than $950, nor do they argue its finding was not supported by substantial evidence.

in a conspiracy because she shared the intent to commit larceny with an accomplice. If Huerta harbored the intent to commit larceny, the new shoplifting provision directs the offense "*shall* be charged as shoplifting" and further that "[n]o person who is charged with shoplifting may also be charged with burglary or theft of the same property." (§ 459.5, subd. (b), italics added.) The alleged conspiracy was directed at the theft of the same bottles of perfume as Huerta's intent to commit larceny. It follows under the plain text of the statute that prosecutors would have been required to charge her with shoplifting and could not have charged her with burglary predicated on conspiracy had Proposition 47 been in effect at the time of her offense. She therefore qualifies to have her burglary conviction redesignated as misdemeanor shoplifting.[5]

In addition, the trial court based its ruling on the finding that Huerta's conviction was predicated on her intent to commit larceny. On review, we indulge in every presumption to uphold the judgment and look to the appellant to show error. (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549.) The People have pointed us to no reason to question the trial court's finding. Conspiracy played no role in the prosecution of Huerta. The People charged her with burglary, petty theft, and grand theft. The People entered a plea bargain with Huerta whereby she pled guilty to burglary and the People agreed to

---

[5] The People's contention Huerta would be entitled to have her felony conviction redesignated as misdemeanor shoplifting only if her "sole intent" was to commit larceny fails for the same reason.

dismiss the grand and petty theft counts. Huerta entered a plea agreement based on these facts. Based on this history, we conclude the trial court did not abuse its discretion in finding larceny was the predicate of the burglary charge, and therefore did not err in granting Huerta's petition.

## III

## DISPOSITION

We affirm the order granting Huerta's petition for resentencing.

CERTIFIED FOR PUBLICATION

SLOUGH
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

10