Filed 8/1/19

**CERTIFIED FOR PUBLICATION IN OFFICIAL REPORTS**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E069359 |
| v. | (Super.Ct.No. CR65347) |
| HERMANDO ANTONIO HERNANDEZ, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. David A. Gunn, Judge. Reversed with directions.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

In 1995, defendant and appellant Hermando Antonio-Vega Hernandez pled guilty to burglary in violation of Penal Code section 459[1] on facts that included his entering a convenience store and stealing $18 of beer. He was sentenced to two years in prison.

When the voters passed Proposition 47 in 2014, they enacted section 459.5, which defines the new offense of shoplifting as any theft of property valued at $950 or less from a commercial establishment during business hours and which requires that any such offense be charged as misdemeanor shoplifting, not felony burglary. Proposition 47 also allows defendants to file petitions to recharacterize prior felony convictions that would have been misdemeanors under the law as changed by the initiative. In 2017, relying on that provision, defendant filed a petition seeking to have his felony burglary conviction designated as misdemeanor shoplifting in violation of section 459.5. The trial court denied the petition, apparently because, based on police reports in the trial court record, it found defendant entered the store with the intent to commit robbery in violation of section 211, rather than merely with the intent to commit a low-value theft.

We reverse. After Proposition 47, an offense is shoplifting, not burglary, if it involves "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." Further, no one "who is charged with shoplifting may also be charged with burglary or theft of the same property." (§ 459.5, subds. (a) & (b).)

---

[1] Subsequent statutory references are to the Penal Code.

The People still may obtain a felony conviction for *robbery* under section 211 where a defendant has actually used force or fear to take property, even if worth $950 or less. But, here, the robbery charge was dismissed at the time of defendant's guilty plea. Defendant's conviction was for *burglary* based on an entry into the store with *intent* to commit some offense that was not specified at the time of the plea. That intended offense indisputably was at least taking the beer, that is, shoplifting. The People wished to prove to the trial court that the defendant also entered with the intent to use force or fear to take that beer, thus intending a robbery. The People argue, and the trial court accepted, that a defendant can be convicted of burglary predicated on entry with intent to commit robbery, even if his objective is to take the same property he shoplifted. We disagree. Under the plain language of section 459.5 and our Supreme Court's decision in *People v. Gonzales* (2017) 2 Cal.5th 858, 875-876 (*Gonzales*), defendant cannot now be charged with burglary "'of the same property'" (§ 459.5, subd. (b)), so defendant's felony burglary conviction must be redesignated as misdemeanor shoplifting whether or not he entered with the intent to use force or fear to gain possession of the beer.

## I. FACTS

On October 2, 1995, defendant entered a convenience store and took $18 worth of beer without paying. According to a police report, as he left, he held up a metal pipe and said to the clerk, "'If you follow, I will fuck you up.'"

On October 4, 1995, defendant was charged with robbery under section 211; (count 1) and burglary under section 459 (count 2). An amended felony complaint, filed October 19, 1995, further alleged in relation to count 1 that he had personally used a

3

deadly weapon in committing the robbery. On October 20, 1995, however, defendant pled guilty to second degree burglary, and the court dismissed the robbery charge and enhancement allegation. In articulating a factual basis for the plea, neither the defendant nor the People explained what specific offense defendant intended when he entered the store. The trial court sentenced defendant to two years in prison.

On April 14, 2017, following the passage of Proposition 47, defendant filed a form petition under section 1170.18, subdivision (f), to recharacterize his felony burglary conviction as misdemeanor shoplifting. He alleged that the value of the property involved did not exceed $950. The prosecutor filed an opposition arguing that defendant had failed to meet his burden of establishing his eligibility because of unknown facts about the victim and the value of the property. On July 6, 2017, the trial court ordered that copies of certain documents be given to defendant's counsel, if available, specifically, the "arrest declaration; crime report; complaint/Information; probation report; plea form; abstract and preliminary hearing transcript."

On August 24, 2017, the trial court denied defendant's petition. Relying on facts recited in police reports, the trial court found that defendant's intent upon entering the store was "to commit the robbery that was dismissed," that is, "to take the property, no matter what the value of that property is, and I am going to do it by force and fear if you try to stop it."[2] The trial court concluded that this "disqualifies" defendant from relief under Proposition 47.

_____

[2] The police reports on which the trial court relied do not appear in the record. This omission, however, is not material to our discussion here.

4

Section 459.5 defines the crime of misdemeanor shoplifting and states that any act of shoplifting "shall be charged as shoplifting," and no person so charged "may also be charged with burglary or theft of the same property." Defendant argues that pursuant to the language of section 459.5 and our Supreme Court's decision in *Gonzales, supra*, 2 Cal.5th at page 876, the People could not now charge him with burglary of the $18 of beer, so his burglary conviction qualifies for designation as a misdemeanor under Proposition 47. We agree.

California voters approved Proposition 47 on November 4, 2014, reducing penalties for certain theft and drug offenses. (*People v. Bush* (2016) 245 Cal.App.4th 992, 1000.) Not only were the new penalties applicable prospectively, but, under section 1170.18, a defendant then serving a sentence for one of certain enumerated theft or drug offenses could petition for resentencing under the new, more lenient provisions. (§ 1170.18, subd. (b).) Further, and as applicable here, a person who has already completed a felony sentence may petition to have his conviction designated a misdemeanor. (§ 1170.18, subd. (f).) A petitioner qualifies for relief if he "would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense." (*Ibid.*) If that is the case, the court "shall designate the felony offense or offenses as a misdemeanor." (§ 1170.18, subd. (g).)

Proposition 47 created a new misdemeanor crime called shoplifting by adding section 459.5. The statute defines shoplifting as follows: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit

5

larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).) If the taking of the property meets the definition of shoplifting, it must be charged as such: "Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." (§ 459.5, subd. (b).) Under the shoplifting statute, felony burglary still is available for an entry to commit a theft outside of business hours, or of a large value of property, as "[a]ny other entry into a commercial establishment with intent to commit larceny is burglary." (§ 459, subd. (a).)

Our Supreme Court has held that a Proposition 47 petition to reclassify a conviction as a misdemeanor does not provide an opportunity for the People to withdraw from a plea agreement and pursue dismissed charges. (*Harris v. Superior Court* (2016) 1 Cal.5th 984, 987.) In the Supreme Court case, the defendant had been charged with robbery, but the charge was dismissed when he pled guilty to grand theft from the person of another (§ 487, subd. (c)). (*Harris*, *supra*, at pp. 987-988.) Relying on the intent behind Proposition 47, the Court held that that the People could not oppose a resentencing petition by withdrawing from a plea agreement. (*Harris*, *supra*, at pp. 991-992.) In this case, then, the People cannot revive the robbery charge. Our focus must be on defendant's burglary conviction, and whether it must be recharacterized as misdemeanor shoplifting.

We believe the language of the shoplifting statute requires redesignation of defendant's offense as a misdemeanor. First, defendant's offense *does* qualify as

6

shoplifting, now defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).) Defendant pled guilty to entering the convenience store during regular business hours with intent to commit a crime, and he stole beer worth $18. As a result, after Proposition 47, the People would have been required to charge him with shoplifting. (§ 459.5, subd. (b) ["Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting"].) But could they *also* charge him with burglary predicated on the intent to commit robbery? We think the answer is no.

The new shoplifting statute directs that "[n]o person who is charged with shoplifting may also be charged with burglary or theft of the same property." (§ 459.5, subd. (b).) As the Supreme Court held, "the phrase 'the same property' confirms that multiple burglary charges may not be based on entry with intent to commit different forms of theft offenses if the property intended to be stolen is the same property at issue in the shoplifting charge." (*Gonzales*, *supra*, 2 Cal.5th at p. 876.) Robbery is a "theft offense[]," as the Supreme Court used that term in *Gonzales*. (See *People v. Turner* (1990) 50 Cal.3d 668, 692 ["'robbery was the only available theft offense'"]; *People v. Ramkeesoon* (1985) 39 Cal.3d 346, 352 [same language].) Indeed, any robbery is also a theft: "Theft in any degree is a lesser included offense to robbery, since all of its elements are included in robbery. The difference is that robbery includes the added element of force or fear." (*People v. Burns* (2009) 172 Cal.App.4th 1251, 1256.) Since the statute precludes charging a defendant for burglary of the same property he has

7

shoplifted, it follows the People cannot charge burglary based on entry with intent to commit a robbery targeting the same property. (*Gonzales*, *supra*, at p. 877.) Any charge of a burglary directed at the same property as the shoplifting is barred.[3] The fact that robbery involves an additional element does not change the statutory directive.

Our analysis tracks that of the Supreme Court in *Gonzales*. In *Gonzales*, a defendant had been charged with two felonies—forgery and second-degree burglary— where each involved the same property: forged $125 checks that he attempted to cash at a bank. (*Gonzales*, *supra*, 2 Cal.5th at p. 862.) The defendant had pled guilty to the burglary charge and the court had dismissed the forgery charge. (*Ibid.*) The Supreme Court rejected the prosecution's claim that the defendant was "not eligible for resentencing because he also entered the bank intending to commit identity theft." (*Id.* at p. 876.) It instead agreed with the defendant's position that "even assuming he entered the bank with an intent to commit identity theft, section 459.5, subdivision (b) would have precluded a felony burglary charge because his conduct *also* constituted shoplifting." (*Ibid*.) Thus, "the shoplifting statute would have precluded a burglary charge based on an entry with intent to commit identity theft here because the conduct underlying such a charge would have been the same as that involved in the shoplifting,

---

[3] Consistent with this reading of section 459.5, the Voter Information Guide informed the electorate that passed Proposition 47 of the blanket preclusion of burglary charges involving the shoplifted property: "'Under this measure, shoplifting property worth $950 or less would *always* be a misdemeanor and could not be charged as burglary.'" (*Gonzales*, *supra*, 2 Cal. 5th at pp. 869-870.)

8

namely, the cashing of the same stolen check to obtain less than $950." (*Id.* at pp. 876-877.)

In both *Gonzales* and this case, the defendant had pled guilty to burglary in exchange for the prosecution's dismissal of another charge. In both cases, the defendant's burglary indisputably satisfied the elements of misdemeanor shoplifting, because the defendant entered the building with the intent to commit a larceny of property worth less than $950. In both cases, the People argued that the defendant's intent at the time of his entry into the commercial establishment was not *merely* to commit a theft, but *also* to commit a different felony also directed at taking the same property. In *Gonzales*, the Supreme Court held that the shoplifting statute precluded a burglary charge based on intent to commit identity theft, even though identity theft involves additional elements. (*Gonzales, supra*, 2 Cal.5th at pp. 876-877.) Here, we must decide whether the shoplifting statute precluded a burglary charge based on intent to commit robbery, even though robbery involves the additional element of the use of force or fear.

Like robbery, identity theft involves conduct beyond the simple theft of the targeted property. "Every person who willfully obtains personal identifying information . . . of another person, and uses that information . . . to obtain, or attempt to obtain . . . goods . . . is guilty of a public offense" punishable as a felony. (§ 530.5.) And like the robbery statute, the identity theft statute reflects important interests beyond the property owner's interest in maintaining possession of the targeted property. The identity theft statute punishes the willful use of another's personal identifying information. (*People v.*

9

*Johnson* (2012) 209 Cal.App.4th 800, 818.) In *Gonzales*, the Supreme Court nevertheless focused on the theft of the targeted property, not the use of personally identifying information, in concluding that burglary predicated on identity theft must be treated as shoplifting where the offender used the personal information to steal personal property valued at $950 or less. We conclude the same reasoning applies to a burglary charge based on intent to commit robbery. Though robbery punishes the use of force or fear in carrying out a theft, the new shoplifting statute directs that we must focus on whether the intended robbery targeted the same property, and if it does, the defendant cannot be charged with burglary based on the intent to commit robbery.

Our conclusion also finds support in *People v. Huerta* (2016) 3 Cal.App.5th 539. In *Huerta*, the People argued that the defendant "did not act 'with the sole intent to commit larceny under $950. Rather, she entered the department store in concert with [an accomplice] with the intent to commit the crime of conspiracy therein.'" (*Id.* at p. 544.) On that basis, the People contended the defendant was ineligible for redesignation of her commercial burglary conviction as shoplifting. (*Id*. at pp. 544-545.) The Court of Appeal was unpersuaded, finding that the "uncharged conspiracy" was "directed at the theft of the same bottles of perfume as [the defendant's] intent to commit larceny." (*Id.* at p. 545.) A burglary predicated on theft "of the same property"—even if framed as encompassing an intent to conspire to commit larceny "of the same property"—was precluded under section 459.5, so the defendant qualified to have her burglary conviction redesignated as misdemeanor shoplifting. (*Huerta*, *supra*, at p. 545.) Similarly, the alleged robbery here was directed at taking the same $18 of beer that was the object of

10

defendant's intended larceny. It follows that prosecutors could not have charged defendant with burglary predicated on robbery had Proposition 47 been in effect at the time of his offense, so his conviction must be designated as misdemeanor shoplifting.

Our holding does not mean a defendant who committed shoplifting can never be charged with a more serious offense in addition to shoplifting. As the Supreme Court wrote in *Gonzalez*, "[a] felony burglary charge could legitimately lie if there was proof of entry with intent to commit a nontheft felony or an intent to commit a theft of other property exceeding the shoplifting limit." (*Gonzalez*, *supra*, 2 Cal.5th at p. 877.) So, the statute permits a burglary charge where a defendant enters a store with the intent to commit a felony based on something *other* than taking the same property shoplifted, such as an entry with the intent to commit an assault of a person. Similarly, the statute permits a burglary charge predicated on the intent to take different, higher-value property than the property obtained by shoplifting. That is, entering a commercial establishment with intent to steal both a case of beer and a bottle of Pappy Van Winkle Family Reserve 23 Year bourbon would support both a shoplifting charge (for the beer) and a burglary charge (for the very expensive bourbon). (See *United States v. Takhalov* (11th Cir. 2016) 827 F.3d 1307, 1313, fn. 5 ["'Pappy's' . . . is a particularly rare bourbon varietal: nearly impossible to find, and nearly impossible to afford when one finds it"].) In addition, if the defendant in fact committed a robbery, nothing in section 459.5 precludes the prosecution from charging and proving the robbery directly, rather than pursuing a burglary charge based on entry with intent to commit that crime. If force or fear was

11

actually used in procuring the property, the prosecution may pursue both shoplifting charge and a robbery charge.[4]

We note that adopting the People's position here would create a strained and unnecessary gloss on the text of section 459.5. Under the People's view, a burglary charge directed at the same property taken in the shoplifting would be impermissible if the defendant's intent upon entry was to commit only a simple theft, but would be permissible in circumstances where the intent was to commit a more serious offense, even if directed at the same property. The view is strained because the statute precludes a charge of burglary "of the same property" without hinting that some such burglary charges are permissible. (§ 459.5, subd. (b).) And the view is unnecessary because if a greater offense such as robbery actually occurred, the prosecution can charge the robbery directly, rather than charging a burglary.

Further, the unique nature of burglary provides a rationale for Proposition 47's preclusion of it, but not other felony charges, when low-value property is taken. A

---

[4] Defendant does not contest this point. *People v. Soto* (2018) 23 Cal.App.5th 813, held that Proposition 47 eligibility does not extend to a "pure 'theft-plus' offense, i.e., one that is not identified as grand theft and requires *additional necessary elements* beyond the theft itself." (*Soto*, *supra*, at p. 822 [involving conviction under § 368, subd. (d) (theft from an elder)].) But *Soto* did not involve a burglary charge or section 459.5; rather, it considered what crimes fit within the scope of the "petty theft" provision enacted as section 490.2, in light of "Proposition 47's objective to reduce sentences for *nonviolent* crimes while shifting spending toward *more serious* offenses." (*Soto*, *supra*, at p. 823.) *Soto*'s reasoning supports the prosecution's ability to charge a *robbery* in circumstances like this. But it does not follow that *Soto*'s reasoning bears on burglary charges—which are based on the defendant's intent at the moment of entering a store, regardless of whether violence actually occurred.

burglary charge is based on what the defendant intended at the time of entering the building, not on what actually happened inside. Thus, even if the beer in this case actually was taken by force or fear, as the People claim here, it is conceivable that *at the time of entry* the defendant simply intended to grab the beer and slip out un-noticed. Conversely, as a logical matter, a defendant could intend a robbery at the time of entry but end up simply getting away with a theft. The shoplifting crime enacted by Proposition 47 makes any trial focus on what actually happened when low-value property was taken and eliminates the dimension of burglary that focuses on intent at the moment of entry.[5]

We hold that, as a matter of law, burglary would not have been available as a charge under these circumstances if Proposition 47 had been in effect at the time of the

---

[5] The People's position would put a trial court in a difficult position when, as here, a defendant seeks to recharacterize a long-ago burglary conviction as misdemeanor shoplifting. At the time of his 1995 guilty plea to burglary, defendant did not admit which felony he intended to commit upon entering the store, as there was no need to do so. When the trial judge in 2017 determined what defendant's intent was upon entering the store decades earlier, it was not construing the record of conviction (see *People v. Page* (2017) 3 Cal.5th 1175, 1189 [eligibility for recharacterization of Vehicle Code section 10851 conviction under Proposition 47 ordinarily turns on record of conviction]), but adjudicating a fact that had never been established and could, if tried to a jury, depend on the credibility of the defendant about what he intended. Courts in Proposition 47 cases are permitted to make at least one type of factual determination that was not made at sentencing: determining whether property involved in theft was valued at less than $950, which qualifies the crime as a current misdemeanor. (*People v. Romanowski* (2017) 2 Cal.5th 903, 915-917.) But in such cases there typically is no dispute about what property that conviction was based on (here, beer), and whether that property's value qualifies typically is clear, or, at least, subject to objective analysis from documentary evidence. (Here, there has been no dispute that the beer taken from the store was worth less than $950). A defendant's intent at the time of entering a store is a different type of determination because it turns on what was in the perpetrator's mind.

13

offense, so defendant was entitled to have his burglary conviction redesignated as a misdemeanor.

### III.  DISPOSITION

The trial court's order denying defendant's petition is reversed and the matter is remanded with instructions to enter a new order granting the petition.

CERTIFIED FOR PUBLICATION IN OFFICIAL REPORTS


    RAPHAEL_____
                      J.

I concur:


_____SLOUGH_____
               J.

14

[*People v. Hernandez*, E069359]

MILLER, J., Dissenting.

I respectfully dissent to the majority opinion reversing the trial court's order denying defendant's petition.

In this case, defendant entered an AM/PM convenience store wearing a trench coat and armed with a metal pipe. Defendant and a cohort grabbed $18 of beer. As he was leaving the store, defendant held the pipe in his hand and told the clerk, "If you follow, I will fuck you up." Although defendant was charged with burglary and robbery with a deadly weapon enhancement, the plea bargain allowed defendant to plead guilty to just second degree burglary.

Second degree burglary is committed when the perpetrator enters a shop "with intent to commit grand or petit larceny or any felony." (Pen. Code, § 459.) The intent at the time of entry is dispositive. (*People v. Kwok* (1998) 63 Cal.App.4th 1236, 1246.) The charging documents and plea bargain are sufficient to support two different time-of-entry intent scenarios: (1) defendant intended only to commit larceny by taking merchandise valued at less than $950 (current Pen. Code, § 459.5); or (2) defendant intended to commit robbery by taking the merchandise by fear or force (Pen. Code, § 211). When defendant pled guilty, it made no difference whether he intended to commit larceny or robbery at the time of his entry into the store because both intents supported a second degree burglary conviction. At the hearing on defendant's petition, the trial court found that "clearly the intent here is to commit the robbery that was dismissed. The intent is that I am going to take the property, no matter what the value of

1

that property is, and I am going to do it by force and fear if you try to stop it." In fact, the trial court reiterated that defendant told the clerk that if the clerk followed, defendant would " 'fuck [the clerk] up,' " "having the metal pipe in his hand at that point." Evidence to support a trial court's factual determination may come from outside the record of conviction. (*People v. Salmorin* (2016) 1 Cal.App.5th 738, 743-744.) Moreover, in this case, defendant presented no evidence to contradict the court's conclusion that he was ready, willing, and able to use force or fear when he entered the store to steal the beer. (*People v. Romanowski* (2017) 2 Cal.5th 903, 916 [defendant bears the burden to prove eligibility under Proposition 47]. In sum, the evidence in the court file demonstrated that defendant entered the store with the intent to commit robbery by force or fear. Therefore, because there is substantial evidence to support the trial court's finding that defendant's conviction was premised on his use of force and fear against a person, the court properly determined that defendant was ineligible for relief under Proposition 47.

The majority argues that we must focus "on defendant's burglary conviction, and whether it must be characterized as misdemeanor shoplifting," and "the People cannot revive the robbery charge." In support, the majority relies on *People v. Gonzales* (2017) 2 Cal.5th 858. In *Gonzales*, the Supreme Court stated that "[Penal Code s]ection 459.5, subdivision (b) requires that any act of shoplifting 'shall be charged as shoplifting' and no one charged with shoplifting 'may also be charged with burglary or theft of the same property.' A defendant must be charged only with shoplifting when the statute applies. It expressly prohibits alternate charging and ensures only misdemeanor treatment of the

2

underlying described conduct." (*Id.* at p. 876, italics omitted.)  Similarly, defendant cannot be guilty of both shoplifting and burglary, because "[a] defendant must be charged only with shoplifting when the statute applies." (*Ibid.*)  In *Gonzales*, the court concluded "the shoplifting statute would have precluded a burglary charge based on an entry with intent to commit identity theft here because the conduct underlying such a charge would have been the same as that involved in the shoplifting, namely, the cashing of the same stolen check to obtain less than $950." (*Id.* at pp. 876-877.)  However, the Supreme Court went on to state that "[a] felony burglary charge could legitimately lie if there was proof of entry *with intent to commit a nontheft felony* or an intent to commit a theft of other property exceeding the shoplifting limit." (*Id.* at p. 877, italics added.)  The majority acknowledges that although "robbery punishes the use of force or fear in carry out a theft, the new shoplifting statute directs that we must focus on whether the intended robbery targeted the same property, and if it does, the defendant cannot be charged with burglary based on the intent to commit robbery."  I disagree with the majority's analysis.

Here, the trial court found that defendant entered the store *with the intent to commit a felony*—robbery by force or fear.  The trial court should not ignore these facts simply because defendant pled guilty to second degree burglary in lieu of being tried for robbery.  Rather, I find that it was appropriate for the trial court to examine the court record, and any other probative and reliable evidence that was put forward by the parties, to determine whether defendant's offense should be reclassified as misdemeanor shoplifting.

3

Additionally, I disagree with the majority's reliance on *People v. Huerta* (2016) 3 Cal.App.5th 539. I find *Huerta* to be inapplicable to this case. In *Huerta*, the defendant pled guilty to second degree commercial burglary based on her theft of eight bottles of perfume worth $463; she petitioned to have her conviction redesignated as a misdemeanor. (*Id.* at p. 541.) The People appealed from the trial court's order granting the defendant's petition. (*Ibid.*) The People argued that the burglary involved an *uncharged* conspiracy to commit larceny and that "burglary predicated on such a conspiracy may be charged as a felony even after the electorate enacted Proposition 47." (*Id.* at p. 545.) We disagreed and stated: "It follows under the plain text of the statute [Pen. Code, § 459.5] that prosecutors would have been required to *charge* [the defendant] with shoplifting and could not have charged her with burglary predicated on conspiracy had Proposition 47 been in effect at the time of her offense. [The defendant] therefore qualifies to have her burglary conviction redesignated as misdemeanor shoplifting." (*Ibid.*, fn. omitted.) Moreover, we noted that "we indulge in every presumption to uphold the judgment and look to the appellant to show error. (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549.)" (*Id.* at p. 545.) We found that the People did not give us any reason "to question the trial court's finding." (*Ibid.*) "Conspiracy played no role in the prosecution of [the defendant]. The People charged her with burglary, petty theft, and grand theft. The People entered a plea bargain with [the defendant] whereby she pled guilty to burglary and the People agreed to dismiss the grand and petty theft counts. [The defendant] entered a plea agreement based on these facts. Based on this history, we conclude the trial court did not abuse its discretion in finding larceny was the predicate of

4

the burglary charge, and therefore did not err in granting [the defendant]'s petition." (*Ibid.*) The facts in this case are different. Here, unlike *Huerta,* the People *charged* defendant with robbery. Hence, robbery played a role in the prosecution of defendant and he entered into a plea agreement based on the charged offenses. Moreover, as the *Huerta* court noted, on appeal, "we indulge in every presumption to uphold the judgment and look to the appellant to show error. (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549.)" (*Id.* at p. 545.) Based on the facts and history of this case, I "conclude that the trial court did not abuse its discretion" in denying defendant's petition.

In *People v. Soto* (2018) 23 Cal.App.5th 813, the Fourth District Court of Appeal, Division One "addressed the ineligibility of aggravated forms of theft for reclassification under Proposition 47." (*People v. Weir* (2019) 33 Cal.App.5th 868, 876, fn. 8, citing *Soto*, at p. 822, petn. for review pending, petn. filed Apr. 30, 2019, S255212.) "In *Soto*, the court refused to reclassify theft from an elder victim ([Pen. Code,] § 368, subd. (d)) under [Penal Code] section 490.2 because it was a 'theft-plus' offense that required the additional necessary elements that the victim be an elder or dependent adult and the defendant knew or reasonably should have known that fact. (*Soto*, at pp. 823-824.)" (*Weir*, at p. 876, fn. 8.) When the *Soto* court reached this decision, it stated that "section 490.2 does not automatically extend to 'any course of conduct *that happens to include obtaining property by theft worth less than $950.*' (*Soto*, at p. 823[.])" (*Weir*, at p. 876, fn. 8, italics added.) The facts of this case are analogous to the facts in *Soto*. Here, as discussed *ante*, defendant's conviction was premised on his use of force and fear against

5

a person.  Penal Code, section 459.5 does not automatically extend to defendant simply because defendant pled guilty to second degree robbery.

Based on the above, I would affirm the trial court's order denying defendant's petition.

MILLER _____

Acting P. J.