MILLER, J., Dissenting.
I respectfully dissent to the majority opinion reversing the trial court's order denying defendant's petition.
*271 In this case, defendant entered an AM/PM convenience store wearing a trench coat and armed with a metal pipe. Defendant and a cohort grabbed $18 of beer. As he was leaving the store, defendant held the pipe in his hand and told the clerk, "If you follow, I will fuck you up." Although defendant was charged with burglary and robbery with a deadly weapon enhancement, the plea bargain allowed defendant to plead guilty to just second degree burglary.
Second degree burglary is committed when the perpetrator enters a shop "with intent to commit grand or petit larceny or any felony." ( Pen. Code, § 459.) The intent at the time of entry is dispositive. ( People v. Kwok (1998) 63 Cal.App.4th 1236, 1246, 75 Cal.Rptr.2d 40.) The charging documents and plea bargain are sufficient to support two different time-of-entry intent scenarios: (1) defendant intended only to commit larceny by taking merchandise valued at less than $950 (current Pen. Code, § 459.5 ); or (2) defendant intended to commit robbery by taking the merchandise by fear or force ( Pen. Code, § 211 ). When defendant pled guilty, it made no difference whether he intended to commit larceny or robbery at the time of his entry into the store because both intents supported a second degree burglary conviction. At the hearing on defendant's petition, the trial court found that "clearly the intent here is to commit the robbery that was dismissed. The intent is that I am going to take the property, no matter what the value of that property is, and I am going to do it by force and fear if you try to stop it." In fact, the trial court reiterated that defendant told the clerk that if the clerk followed, defendant would " 'fuck [the clerk] up,' " "having the metal pipe in his hand at that point." Evidence to support a trial court's factual determination may come from outside the record of conviction. ( People v. Salmorin (2016) 1 Cal.App.5th 738, 743-744, 205 Cal.Rptr.3d 142.) Moreover, in this case, defendant presented no evidence to contradict the court's conclusion that he *138 was ready, willing, and able to use force or fear when he entered the store to steal the beer. ( People v. Romanowski (2017) 2 Cal.5th 903, 916, 215 Cal.Rptr.3d 758, 391 P.3d 633 [defendant bears the burden to prove eligibility under Proposition 47]. In sum, the evidence in the court file demonstrated that defendant entered the store with the intent to commit robbery by force or fear. Therefore, because there is substantial evidence to support the trial court's finding that defendant's conviction was premised on his use of force and fear against a person, the court properly determined that defendant was ineligible for relief under Proposition 47.
The majority argues that we must focus "on defendant's burglary conviction, and whether it must be characterized as misdemeanor shoplifting," and "the People cannot revive the robbery charge." In support, the majority relies on People v. Gonzales (2017) 2 Cal.5th 858, 216 Cal.Rptr.3d 285, 392 P.3d 437. In Gonzales , the Supreme Court stated that *272 "[Penal Code s]ection 459.5, subdivision (b) requires that any act of shoplifting 'shall be charged as shoplifting' and no one charged with shoplifting 'may also be charged with burglary or theft of the same property.' A defendant must be charged only with shoplifting when the statute applies. It expressly prohibits alternate charging and ensures only misdemeanor treatment of the underlying described conduct." ( Id. at p. 876, 216 Cal.Rptr.3d 285, 392 P.3d 437, italics omitted.) Similarly, defendant cannot be guilty of both shoplifting and burglary, because "[a] defendant must be charged only with shoplifting when the statute applies." ( Ibid. ) In Gonzales , the court concluded "the shoplifting statute would have precluded a burglary charge based on an entry with intent to commit identity theft here because the conduct underlying such a charge would have been the same as that involved in the shoplifting, namely, the cashing of the same stolen check to obtain less than $950." ( Id. at pp. 876-877, 216 Cal.Rptr.3d 285, 392 P.3d 437.) However, the Supreme Court went on to state that "[a] felony burglary charge could legitimately lie if there was proof of entry with intent to commit a nontheft felony or an intent to commit a theft of other property exceeding the shoplifting limit." ( Id. at p. 877, 216 Cal.Rptr.3d 285, 392 P.3d 437, italics added.) The majority acknowledges that although "robbery punishes the use of force or fear in carry out a theft, the new shoplifting statute directs that we must focus on whether the intended robbery targeted the same property, and if it does, the defendant cannot be charged with burglary based on the intent to commit robbery." I disagree with the majority's analysis.
Here, the trial court found that defendant entered the store with the intent to commit a felony -robbery by force or fear. The trial court should not ignore these facts simply because defendant pled guilty to second degree burglary in lieu of being tried for robbery. Rather, I find that it was appropriate for the trial court to examine the court record, and any other probative and reliable evidence that was put forward by the parties, to determine whether defendant's offense should be reclassified as misdemeanor shoplifting.
Additionally, I disagree with the majority's reliance on People v. Huerta (2016) 3 Cal.App.5th 539, 207 Cal.Rptr.3d 637. I find Huerta to be inapplicable to this case. In Huerta , the defendant pled guilty to second degree commercial burglary based on her theft of eight bottles of perfume worth $463; she petitioned to have her conviction redesignated as a misdemeanor. ( Id. at p. 541, 207 Cal.Rptr.3d 637.) The People appealed from the trial court's order granting the defendant's petition. ( Ibid. ) The People argued that the burglary *139 involved an uncharged conspiracy to commit larceny and that "burglary predicated on such a conspiracy may be charged as a felony even after the electorate enacted Proposition 47." ( Id. at p. 545, 207 Cal.Rptr.3d 637.) We disagreed and stated: *273 "It follows under the plain text of the statute [ Pen. Code, § 459.5 ] that prosecutors would have been required to charge [the defendant] with shoplifting and could not have charged her with burglary predicated on conspiracy had Proposition 47 been in effect at the time of her offense. [The defendant] therefore qualifies to have her burglary conviction redesignated as misdemeanor shoplifting." ( Ibid. , fn. omitted.) Moreover, we noted that "we indulge in every presumption to uphold the judgment and look to the appellant to show error. ( People v. Sullivan (2007) 151 Cal.App.4th 524, 549, 59 Cal.Rptr.3d 876.)" ( Id. at p. 545, 59 Cal.Rptr.3d 876.) We found that the People did not give us any reason "to question the trial court's finding." ( Ibid. ) "Conspiracy played no role in the prosecution of [the defendant]. The People charged her with burglary, petty theft, and grand theft. The People entered a plea bargain with [the defendant] whereby she pled guilty to burglary and the People agreed to dismiss the grand and petty theft counts. [The defendant] entered a plea agreement based on these facts. Based on this history, we conclude the trial court did not abuse its discretion in finding larceny was the predicate of the burglary charge, and therefore did not err in granting [the defendant]'s petition." ( Ibid. ) The facts in this case are different. Here, unlike Huerta , the People charged defendant with robbery. Hence, robbery played a role in the prosecution of defendant and he entered into a plea agreement based on the charged offenses. Moreover, as the Huerta court noted, on appeal, "we indulge in every presumption to uphold the judgment and look to the appellant to show error. ( People v. Sullivan (2007) 151 Cal.App.4th 524, 549, 59 Cal.Rptr.3d 876.)" ( Id. at p. 545, 59 Cal.Rptr.3d 876.) Based on the facts and history of this case, I "conclude that the trial court did not abuse its discretion" in denying defendant's petition.
In People v. Soto (2018) 23 Cal.App.5th 813, 233 Cal.Rptr.3d 515, the Fourth District Court of Appeal, Division One "addressed the ineligibility of aggravated forms of theft for reclassification under Proposition 47." ( People v. Weir (2019) 33 Cal.App.5th 868, 876, fn. 8, 245 Cal.Rptr.3d 387, citing Soto , at p. 822, 233 Cal.Rptr.3d 515, petn. for review pending, petn. filed Apr. 30, 2019, S255212.) "In Soto , the court refused to reclassify theft from an elder victim ( [Pen. Code,] § 368, subd. (d) ) under [Penal Code] section 490.2 because it was a 'theft-plus' offense that required the additional necessary elements that the victim be an elder or dependent adult and the defendant knew or reasonably should have known that fact. ( Soto , at pp. 823-824, 233 Cal.Rptr.3d 515.)" ( Weir , at p. 876, fn. 8, 245 Cal.Rptr.3d 387.) When the Soto court reached this decision, it stated that " section 490.2 does not automatically extend to 'any course of conduct that happens to include obtaining property by theft worth less than $950. ' ( Soto , at p. 823, 233 Cal.Rptr.3d 515 [.] )" ( Weir , at p. 876, fn. 8, 245 Cal.Rptr.3d 387, italics added.) The facts of this case are analogous to the facts in Soto. Here, as discussed ante , defendant's conviction was premised on his use of force and fear against a person. Penal Code, section 459.5 does not *274 automatically extend to defendant simply because defendant pled guilty to second degree robbery.
Based on the above, I would affirm the trial court's order denying defendant's petition.