DATO, J.
*816 Israel Soto appeals an order denying his petition to reduce to a misdemeanor his felony conviction for theft from an elder. ( Pen. Code, § 368, subd. (d).)[1] He sought relief under section 1170.18, the Safe Neighborhoods and Schools Act, which was enacted by California voters in November 2014 pursuant to Proposition 47. The trial court denied Soto's petition on the basis *517 that his conviction was categorically ineligible for relief. Appointed appellate counsel filed a brief pursuant to Anders v. California (1967) 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 ( Anders ) and People v. Wende (1979) 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071 ( Wende ), and Soto filed a supplemental brief on his own behalf.
We asked for supplemental briefing on whether Soto's conviction under section 368, subdivision (d) was eligible for reclassification under Proposition 47 following People v. Page (2017) 3 Cal.5th 1175, 225 Cal.Rptr.3d 786, 406 P.3d 319 ( Page ). Having reviewed the submissions, we conclude Soto is ineligible for relief and affirm.
FACTUAL AND PROCEDURAL BACKGROUND
In 2006, Soto helped his grandmother change her telephone service provider. While talking to the operator, he memorized her birthdate and social security number. He later impersonated his grandmother to obtain a new credit card on her account in his name and used it to make unauthorized retail purchases.[2] Soto was charged with theft from an elder of a value exceeding $400 ( § 368, former subd. (d), added by Stats. 2004, ch. 893, § 1) and using the personal identification of another (§ 530.5, subd. (a) ).
In December 2006, Soto pled guilty to section 368, subdivision (d) and the People dismissed the remaining charge. Pursuant to the terms of his plea agreement, Soto's conviction was to be reduced to a misdemeanor once he paid full restitution. At sentencing, the court suspended imposition of the sentence and placed Soto on probation for three years, subject to certain terms and conditions. It entered a "no contact" order preventing further contact with the victim and ordered Soto to pay $1,822.05 in victim *817 restitution. It also imposed a $200 restitution fine and a $200 probation revocation fine, stayed unless probation was revoked. (§§ 1202.4, subd. (b), 1202.44.)
Soto filed a pro per petition in April 2017 seeking reclassification of his offense to a misdemeanor (§ 1170.18, subd. (f) ). His handwritten argument section was three sentences long and stated simply that Proposition 47 converted felonies to misdemeanors. The court denied the petition, deeming the underlying conviction under section 368, subdivision (d) categorically ineligible for reclassification under section 1170.18.
Appointed appellate counsel filed a brief summarizing the facts and proceedings before the trial court. Counsel presented no argument for reversal but asked this court to review the entire record for error in accordance with Wende, supra, 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071. Pursuant to Anders, supra, 386 U.S. 738, 87 S.Ct. 1396, counsel identified the following issue that might arguably support the appeal: "whether the court erred as a matter of law in finding appellant's conviction for violating Penal Code section 368, subdivision (d), was ineligible for Proposition 47 relief, and if so, whether the record supported *518 a finding that his conviction met the $950 or less statutory threshold."
Soto filed a supplemental brief, in which he claimed he spent only $822.05 on his grandmother's credit card, not $1,822.05, and asked us to review the purchases allegedly made. He also argued that his family would be willing to write a letter "to cancel" the civil judgment of "1,822.05 dollars."
We asked counsel to submit supplemental briefs on the following issues: "(1) Is Soto's conviction for theft from an elder under Penal Code section 368 eligible for resentencing under Penal Code section 1170.18 ? (Compare People v. Bush (2016) 245 Cal.App.4th 992, 1001-1005, 200 Cal.Rptr.3d 190 with People v. Page (2017) 3 Cal.5th 1175, 225 Cal.Rptr.3d 786, 406 P.3d 319.) (2) If the conviction is eligible, did Soto's petition include sufficient 'allegations, testimony, or record references' for the trial court to determine his eligibility for resentencing under Penal Code section 1170.18 ; if the present petition is insufficient, is Soto 'entitled to an opportunity to file a new petition meeting the statutory requirements'? (See Page, supra, 3 Cal.5th at p. 1189, 225 Cal.Rptr.3d 786, 406 P.3d 319.)"
Soto's appellate counsel filed a letter brief arguing that Page, supra, 3 Cal.5th 1175, 225 Cal.Rptr.3d 786, 406 P.3d 319 requires reversal; the People filed a brief taking the contrary view.
*818 DISCUSSION
1. The Parties Agree That Soto's Petition Was Deficient
"A defendant seeking resentencing under section 1170.18 bears the burden of establishing his or her eligibility, including by providing in the petition a statement of personally known facts necessary to eligibility." ( Page, supra, 3 Cal.5th at p. 1188, 225 Cal.Rptr.3d 786, 406 P.3d 319.) Defense counsel concedes that Soto's petition was devoid of allegations, testimony, or record references from which the trial court could determine whether Soto was convicted of theft of a value $950 or less. ( Id. at p. 1189, 225 Cal.Rptr.3d 786, 406 P.3d 319.) This information was also not apparent from the record. During the plea soliloquy, Soto admitted he obtained property "of a value over $400" or "exceeding $400." The trial court ordered victim restitution of $1,822.05 but never made a finding as to the value of property taken. Although Soto claims on appeal he only spent $822.05, he never made argument or presented relevant evidence to the trial court. Because Soto did not meet his burden of proof to establish his eligibility for Proposition 47 relief, his petition was properly denied. ( Ibid. )
The real question presented by this appeal is whether we should affirm the order denying Soto's petition to reduce his offense to a misdemeanor with or without prejudice. Page affirmed the denial of a petition without prejudice because "the proper allocation of the burden of proof and the facts necessary to resentencing on a Vehicle Code section 10851 conviction were not set out expressly in the text of Proposition 47," and "neither had yet been judicially articulated when defendant submitted his petition for recall." ( Page, supra, 3 Cal.5th at p. 1189, 225 Cal.Rptr.3d 786, 406 P.3d 319.) It concluded the defendant was "entitled to an opportunity to file a new petition meeting the statutory requirements" and explained that "[s]uch a petition should allege and, where possible, provide evidence of facts necessary to establish eligibility for resentencing under section 1170.18." ( Ibid. )
The People seek affirmance with prejudice because Soto filed his petition after Romanowski established that he bore the *519 burden of proof. ( Romanowski, supra , 2 Cal.5th at p. 916, 215 Cal.Rptr.3d 758, 391 P.3d 633.) We do not address that argument. Because Soto's conviction under section 368, subdivision (d) is ineligible for reclassification, he is not entitled to file a new petition, and we affirm the order denying his petition with prejudice.
2. A Conviction Under Section 368, Subdivision (d) Is Ineligible for Reclassification Via Section 490.2, Subdivision (a)
"Approved by the voters in 2014, Proposition 47 (the 'Safe Neighborhoods and Schools Act') reduced the punishment for certain theft- and drug-related offenses, making them punishable as misdemeanors rather *819 than felonies. To that end, Proposition 47 amended or added several statutory provisions, including new ... section 490.2, which provides that 'obtaining any property by theft' is petty theft and is to be punished as a misdemeanor if the value of the property taken is $950 or less." ( Page, supra, 3 Cal.5th at p. 1179, 225 Cal.Rptr.3d 786, 406 P.3d 319.)
A separate provision of Proposition 47, codified at section 1170.18, describes petitioning procedures. ( Page, supra, 3 Cal.5th at p. 1179, 225 Cal.Rptr.3d 786, 406 P.3d 319.) As is relevant here, eligible defendants who have already completed a felony sentence may petition to reclassify their convictions as misdemeanors if they "would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense." ( § 1170.18, subd. (f).) At issue is whether Proposition 47 applies to a conviction under section 368, subdivision (d). This presents a pure question of law, subject to de novo review. ( People v. Bush (2016) 245 Cal.App.4th 992, 1003, 200 Cal.Rptr.3d 190 ( Bush ).)
At the time of Soto's plea, section 368, subdivision (d) read:
"Any person who is not a caretaker who violates any provision of law proscribing theft, embezzlement, forgery, or fraud, or who violates Section 530.5 proscribing identity theft, with respect to the property or personal identifying information of an elder or a dependent adult, and who knows or reasonably should know that the victim is an elder or a dependent adult, is punishable by imprisonment in a county jail not exceeding one year, or in the state prison for two, three, or four years, when the moneys, labor, goods, services, or real or personal property taken or obtained is of a value exceeding four hundred dollars ($400); and by a fine not exceeding one thousand dollars ($1,000), by imprisonment in a county jail not exceeding one year, or by both that fine and imprisonment, when the moneys, labor, goods, services, or real or personal property taken or obtained is of a value not exceeding four hundred dollars ($400)."
( § 368, former subd. (d), added by Stats. 2004, ch. 893, § 1.) The statute has been amended over the years. In 2010, the Legislature increased the dollar threshold from $400 to $950. (Id. added by Stats. 2009-2010, 3d Ex. Sess., ch. 28 § 9.) Since January 2012, it is a wobbler if the value taken or obtained exceeds $950 and a misdemeanor if it does not. (Id. added by Stats. 2011, ch. 366, § 1.5.) Proposition 47 did not amend section 368, subdivision (d).
Bush, supra, 245 Cal.App.4th 992, 200 Cal.Rptr.3d 190 found a similarly worded version of section 368, subdivision (d) ineligible for Proposition 47 relief. ( Id. at pp. 998-999, 200 Cal.Rptr.3d 190.)[3] The court *520 relied on the fact that section 368, former subdivision (d) was not listed in section 1170.18 or otherwise amended by Proposition 47. ( Bush, supra, at pp. 1004-1005, 200 Cal.Rptr.3d 190.) *820 Supreme Court decisions after Bush, supra, 245 Cal.App.4th 992, 200 Cal.Rptr.3d 190 challenge its reasoning. As the People concede, Page rejects Bush 's main reasons for finding the offense ineligible. The statute in Page was neither listed in section 1170.18 nor was amended by Proposition 47. The court nevertheless deemed it potentially eligible via Proposition 47's new petty theft statute, section 490.2. ( Page, supra, 3 Cal.5th at p. 1187, 225 Cal.Rptr.3d 786, 406 P.3d 319.) Romanowski likewise found a conviction under section 484e eligible for resentencing under section 490.2 even though section 484e was neither listed in section 1170.18 nor amended by Proposition 47. ( Romanowski, supra, 2 Cal.5th at p. 906, 215 Cal.Rptr.3d 758, 391 P.3d 633 ; see People v. Martinez (2018) 4 Cal.5th 647, 652, 230 Cal.Rptr.3d 673, 413 P.3d 1125 ["the mere fact that [Health & Safety Code] section 11379 is not enumerated in Penal Code section 1170.18(a) is not fatal to Martinez's petition"].)
In other words, although Bush considered the same offense at issue here and found the offense ineligible, later cases shift the focus of our inquiry.[4] After Romanowski and Page , the question before us is whether Soto's conviction under section 368, subdivision (d) may qualify for resentencing under Proposition 47 via section 490.2 , the new petty theft statute. That statute provides, in relevant part:
"Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor ...."
Section 490.2 sought to eliminate provisions that "carved out separate categories of grand theft based on the type of property stolen, with either a lower value threshold or no value threshold at all." ( Romanowski, supra, 2 Cal.5th at p. 908, 215 Cal.Rptr.3d 758, 391 P.3d 633.) Section 487 defined as grand theft the theft of "more than $950 worth of anything; more than $250 worth of the crops or critters listed in subdivision (b); anything at all from the victim's person; or any cars or guns." ( Romanowski, supra at p. 907, 215 Cal.Rptr.3d 758, 391 P.3d 633.) By inserting a $950 threshold, *821 Proposition 47 ensured that "such crimes would no longer be charged as grand theft solely because of the property involved ." ( *521 Id. at p. 908, 215 Cal.Rptr.3d 758, 391 P.3d 633.) Proposition 47 had its sights on both the grand theft offenses listed in section 487 and those offenses that were elsewhere defined as grand theft. That was apparent from section 490.2's clause, "[n]otwithstanding Section 487 or any other provision of law defining grand theft." ( Romanowski, supra, at p. 907, 215 Cal.Rptr.3d 758, 391 P.3d 633, citing § 490.2, subd. (a).)
Romanowski considered whether a conviction under section 484e, subdivision (d) qualified for resentencing via section 490.2. ( Romanowski, supra, 2 Cal.5th. at p. 908, 215 Cal.Rptr.3d 758, 391 P.3d 633.) Section 484e, subdivision (d) provides:
"Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft."
Because the statute explicitly defined theft of access card information as grand theft , the court readily found that the statute fell within section 490.2. ( Romanowski, supra, at p. 908, 215 Cal.Rptr.3d 758, 391 P.3d 633.) That section 484e resided in the "Larceny" chapter of the Penal Code and proscribed conduct that sounded in theft, further indicated "that theft of access card information is a theft crime." ( Romanowski, supra, at pp. 908-909, 215 Cal.Rptr.3d 758, 391 P.3d 633.)
Although the court agreed that theft of access card information differed in some respects from other forms of theft, "Proposition 47 broadly reduced punishment for 'obtaining any property by theft' where the value of the stolen information is less than $950." ( Romanowski, supra, 2 Cal.5th at p. 906, 215 Cal.Rptr.3d 758, 391 P.3d 633, citing § 490.2, subd. (a).) Thus, a defendant convicted of stealing access card information could seek resentencing under Proposition 47 if the market value of the stolen information (considering possible illicit sales) was below the $950 threshold in section 490.2. ( Ibid. )
Page addressed whether Proposition 47 applied to a conviction under Vehicle Code section 10851, a statute that encompasses both theft and nontheft offenses (e.g., joyriding). Citing Romanowski the court concluded it could. "By its terms, Proposition 47's new petty theft provision, section 490.2 covers the theft form of the Vehicle Code section 10851 offense." ( Page, supra, 3 Cal.5th at pp. 1182-1183, 225 Cal.Rptr.3d 786, 406 P.3d 319, italics added.)
As previously noted, Page rejected the argument that the failure to list Vehicle Code section 10851 within Penal Code sections 1170.18 or 490.2 precluded eligibility. ( Page, supra, 3 Cal.5th at pp. 1184-1186, 225 Cal.Rptr.3d 786, 406 P.3d 319.) Section 490.2's "central ameliorative provision ... mandates that 'obtaining any property [worth $950 or less] by theft ... shall be considered petty theft and shall be punished as a misdemeanor.' " ( Page, supra, at p. 1186, 225 Cal.Rptr.3d 786, 406 P.3d 319.) Therefore, "obtaining an automobile worth $950 or less by theft constitutes petty theft *822 under section 490.2 and is punishable only as a misdemeanor, regardless of the statutory section under which the theft was charged ." ( Page, supra, at p. 1187, 225 Cal.Rptr.3d 786, 406 P.3d 319, italics added.)
Following Page , a statute's placement does not determine Proposition 47 eligibility-indeed, the statute in Page was not even located in the Penal Code. Although the relevant statute did not expressly define the offense as theft, Page focused on the conduct it criminalized and noted it "includes theft of a vehicle." ( Page, supra, 3 Cal.5th at p. 1186, 225 Cal.Rptr.3d 786, 406 P.3d 319.) The theft form of the offense was therefore eligible for resentencing *522 to the extent the car was worth $950 or less.
It is important to remember that Page involved vehicle theft, which has at all times been defined as grand theft. (§ 487, subd. (d)(1) ["Grand theft is committed ... [w]hen the property taken is ... an automobile"].) Page acknowledged as much, noting that "to the extent vehicle theft is punished as a felony under section 10851, it is, in effect, a form of grand, rather than petty, theft." ( Page, supra, 3 Cal.5th at p. 1186, 225 Cal.Rptr.3d 786, 406 P.3d 319.) As Page makes clear, Proposition 47 is not limited to the universe of offenses previously designated as grand theft. ( Ibid . ) But the case itself does not address whether a crime that is not defined as grand theft and requires additional elements beyond the theft itself may qualify for resentencing under the new petty theft statute.
Romanowski and Page consider whether stealing a particular type of property (access card information or a vehicle) could constitute petty theft. Both cases involve crimes that were previously classified as grand theft. Thus, neither had occasion to consider Proposition 47 eligibility for what we will call a pure "theft-plus" offense, i.e., one that is not identified as grand theft and requires additional necessary elements beyond the theft itself. Nothing in Romanowski or Page suggests that section 490.2 extends to any course of conduct that happens to include obtaining property by theft worth less than $950. As a matter of first impression, we conclude it does not.
A different conclusion would lead to absurd results. "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) Theft is a lesser included offense of robbery. ( People v. Bradford (1997) 14 Cal.4th 1005, 1055, 60 Cal.Rptr.2d 225, 929 P.2d 544 ; People v. Ortega (1998) 19 Cal.4th 686, 699, 80 Cal.Rptr.2d 489, 968 P.2d 48.) A robber might take property by larceny worth less than $950. (See People v. Williams (2013) 57 Cal.4th 776, 161 Cal.Rptr.3d 81, 305 P.3d 1241 [robbery requires theft by larceny].) An over-expansive reading of Romanowski and Page might construe that "theft-plus" offense as *823 petty theft under section 490.2. Such a construction would thwart Proposition 47's objective to reduce sentences for nonviolent crimes while shifting spending toward more serious offenses. ( Romanowski, supra, 2 Cal.5th at p. 907, 215 Cal.Rptr.3d 758, 391 P.3d 633.)
People v. Segura (2015) 239 Cal.App.4th 1282, 191 Cal.Rptr.3d 904 ( Segura ) is helpful. A defendant convicted of conspiracy (§ 182) argued he was eligible for resentencing because he conspired with his codefendants to commit a theft . The court disagreed.[5] Applying Proposition 47 to theft but not conspiracy to commit theft did not lead to an absurd result: conspiracy crimes "present a greater evil than crimes committed by an individual," warranting different treatment. ( Segura, supra, at p. 1284, 191 Cal.Rptr.3d 904.)
Soto was convicted under section 368, subdivision (d). ( § 368, former subd. (d), added by Stats. 2004, ch. 893, § 1.) That statute requires an underlying theft, embezzlement, forgery, fraud, or identity theft under section 530.5. (Ibid. ) In pleading guilty, Soto admitted he
*523 "unlawfully violated PC 530.5 with respect to the personal identifying information of an elder knowing that the victim was an elder & the property obtained was of a value exceeding $400.00."
Section 530.5, subdivision (a) in turn provides:
"Every person who willfully obtains personal identifying information, as defined in subdivision (b) of Section 530.55, of another person, and uses that information for any unlawful purpose, including to obtain, or attempt to obtain, credit, goods, services, real property, or medical information without the consent of that person, is guilty of a public offense, and upon conviction therefor, shall be punished by a fine, by imprisonment in a county jail not to exceed one year, or by both a fine and imprisonment, or by imprisonment pursuant to subdivision (h) of Section 1170."
Courts have grappled with whether a violation of section 530.5, subdivision (a) can qualify for relief under Proposition 47 where the defendant obtains personal identifying information of another and uses it to obtain property with a value of less than $950. (Compare People v. Sanders (2018) 22 Cal.App.5th 397, 231 Cal.Rptr.3d 477 with People v. Jimenez (2018), 22 Cal.App.5th 1282, 232 Cal.Rptr.3d 386 (relying on People v. Gonzales (2017) 2 Cal.5th 858, 216 Cal.Rptr.3d 285, 392 P.3d 437 ( Gonzales ) ).) Even if we assume that Soto's conviction was based on an underlying theft offense, this does not resolve the question of eligibility for relief under Proposition 47 because a violation of section 368, subdivision (d) requires additional necessary elements. The victim must be an "elder or a dependent adult," and *824 there must be a finding that the defendant knew or reasonably should have known that fact. ( § 368, former subd. (d), added by Stats. 2004, ch. 893, § 1.) These additional elements render Soto's offense a "theft-plus" offense much in the same way as robbery or conspiracy to commit theft and place his conviction outside the scope of section 490.2.
Romanowski and Page do not compel a different result. Both involved conduct that was previously designated as grand theft . Although Page instructs that this label is not dispositive, the case did not involve a "theft-plus" offense. A violation of section 368, subdivision (d) is neither defined as grand theft nor encompasses conduct that entails theft and nothing more . As a result, we conclude the crime does not fall within the scope of section 490.2, subdivision (a) even if the amount obtained is under $950.
We acknowledge that Soto's conduct is similar in some ways to the conduct at issue in Gonzales and Romanowski . Soto used his grandmother's personal identifying information to obtain a credit card, which he then used to make unauthorized purchases. Gonzales stole his grandmother's checkbook and cashed two unauthorized checks at a bank. ( Gonzales, supra, 2 Cal.5th at p. 862, 216 Cal.Rptr.3d 285, 392 P.3d 437.) Romanowski stole access card account information (such as credit and debit card information) without the cardholder's or issuer's consent with the intent to use it fraudulently. ( Romanowski, supra, 2 Cal.5th at pp. 905-906, 215 Cal.Rptr.3d 758, 391 P.3d 633 ; § 484e, subd. (d).) Gonzales and Romanowski were entitled to Proposition 47 relief. We conclude today that Soto is not.
Despite the parallels, there is a critical difference. Soto was charged with an aggravated form of theft-theft from an elder victim.[6] We see no way to interpret *524 section 490.2 to cover Soto's conviction without converting every "theft-plus" offense involving less than $950 into petty theft. Absent further guidance from the Supreme Court, we are hesitant given our role as an intermediate appellate court to take this expansive view.[7] *825 DISPOSITION
The order is affirmed.
WE CONCUR:
HUFFMAN, Acting P.J.
NARES, J.

Further statutory references are to the Penal Code.

We draw this background information from the probation report. A probation report "ordinarily is not part of the record of conviction." (People v. Oehmigen (2014) 232 Cal.App.4th 1, 5, 181 Cal.Rptr.3d 569.) But eligibility under Proposition 47 may properly "turn on facts that are not established by either the uncontested petition or the record of conviction" (People v. Romanowski (2017) 2 Cal.5th 903, 916, 215 Cal.Rptr.3d 758, 391 P.3d 633 (Romanowski ).) Courts are not limited to the record of conviction to determine Proposition 47 eligibility. (People v. Johnson (2016) 1 Cal.App.5th 953, 966-968, 205 Cal.Rptr.3d 246.)

The defendant in Bush committed offenses between October 2000 and January 2002. (Bush, supra, 245 Cal.App.4th at p. 998, 200 Cal.Rptr.3d 190.) During that period, section 368, subdivision (d) only referred to theft or embezzlement from an elder victim and did not reference forgery, fraud, or identity theft under section 530.5. (§ 368, former subd. (d), added by Stats. 1998, ch. 936, § 7.5.)

The People argue Bush, supra, 245 Cal.App.4th 992, 200 Cal.Rptr.3d 190 remains good law because Page, supra, 3 Cal.5th 1175, 225 Cal.Rptr.3d 786, 406 P.3d 319 does not address its reasoning as to Proposition 47's amendment to section 666. We do not draw the same inference as Bush as to that amendment. Section 666 codifies the offense of petty theft with a prior theft-related conviction. Proposition 47 eliminated that crime as to most persons (People v. Diaz (2015) 238 Cal.App.4th 1323, 1330, 190 Cal.Rptr.3d 479 ) but expanded it to persons with "a conviction pursuant to subdivision (d) or (e) of Section 368." (Compare § 666, subd. (b) with § 666, former subd. (b)(1), added by Stats. 2013, ch. 782, § 1.) Section 666 pertains only to a subsequent petty theft conviction and says nothing as to whether an initial elder theft offense is misdemeanor petty theft. Section 490.2 makes no mention of section 368 among the categories of ineligible defendants. We therefore draw no inference from the amendment to section 666.

Segura, supra, 239 Cal.App.4th 1282, 191 Cal.Rptr.3d 904 rejected eligibility in part on grounds rejected in Page . (Page, supra, 3 Cal.5th at pp. 1184-1185, 225 Cal.Rptr.3d 786, 406 P.3d 319 [failure to list the offense in section 1170.18 did not preclude eligibility].) We disregard that portion of the opinion.

Despite the facial similarities-both Gonzales, supra, 2 Cal.5th 858, 216 Cal.Rptr.3d 285, 392 P.3d 437, and this case involve grandmothers as victims-we have no way of knowing whether Gonzales's grandmother would have qualified as an elder victim within the meaning of section 368, subdivision (g).

We do not address the People's claim that section 368 provides special protection for elder adults. Romanowski rejected a similar contention that section 484e was ineligible for resentencing because it sought to protect consumers. (Romanowski, supra, 2 Cal.5th at p. 913, 215 Cal.Rptr.3d 758, 391 P.3d 633.) But the statutory purpose is arguably explicit in the elder abuse statute in a way that it was not in Romanowski . (§ 368, former subd. (a), added by Stats. 2004, ch. 893, § 1 ["The Legislature finds and declares that crimes against elders and dependent adults are deserving of special consideration and protection, not unlike the special protections provided for minor children ...."].)