Filed 10/17/23  P. v. McKandes CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BERNARD McKANDES,<br><br>Defendant and Appellant. | B323020<br><br>(Los Angeles County Super. Ct. No. A378904) |

APPEAL from an order of the Superior Court of Los Angeles County, Shelly B. Torrealba, Judge.  Reversed and remanded.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Stephanie C. Santoro, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Bernard McKandes (defendant) appeals the denial of his petition for resentencing under Penal Code section 1172.6 (former Penal Code section 1170.95). The trial court denied the petition without issuing an order to show cause, concluding on the basis of a probation report and preliminary hearing testimony that defendant had not established a prima facie case for relief. We consider whether this was error.

## I. BACKGROUND

### A. *The Underlying Offense*

In 1984, McKandes was charged in a two-count information with murdering and robbing Carl Diggs (Diggs) and personally using a shotgun in the commission of the crimes.

The record reflects that, prior to the entry of judgment, the trial court denied a motion to withdraw a plea. It also reflects defendant pled guilty to second degree murder and admitted to the charged personal use of a firearm enhancement. The trial court sentenced defendant to 17 years to life in prison.

### B. *The Petition for Resentencing*

#### 1. *The parties' submissions*

In January 2019, defendant filed a form petition under section 1172.6 asserting he was entitled to relief under the statute. Defendant checked boxes asserting an information was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, he pled guilty or no contest to first or second degree murder in lieu of going to trial because he

believed he could have been convicted under one of those theories, and he could not be convicted of the offense under current law.[1]

The trial court initially denied defendant's petition without appointing counsel for him. In a prior opinion, we reversed that order and remanded with directions for the trial court to appoint counsel for defendant and thereafter proceed consistent with section 1172.6.

The trial court appointed counsel for defendant on remand and the People responded to defendant's petition, arguing he was not entitled to relief because he was Diggs' actual killer. The People relied on defendant's probation report and a portion of the preliminary hearing transcript to establish the facts of the offense.

As pertinent here, the probation report recited the following as the elements and relevant circumstances of the present offense: "On March 2, 1982 at approximately 8:00 p.m., the defendant and a female companion accosted the victim as he exited his car in front of 8319 South Hoover Street. After a brief conversation, the female pushed the victim, causing him to fall to the ground. As the victim attempted to regain his feet, the defendant pulled a weapon from inside of his jacket and shot him."

The portion of the preliminary hearing transcript that the People submitted contained testimony from a single witness—a "Miss Gabriel." She testified she saw two people, a male and a female walk up to Diggs and start talking to him. Miss Gabriel

---

[1]     McKandes also checked other boxes to indicate he was convicted at trial, and that his conviction was for first-degree felony murder. Neither assertion is supported by the record.

3

testified the female made a quick movement and Diggs fell down. Diggs began to get up, and the male fired a gun at him. Miss Gabriel did not make a positive identification of defendant when initially presented with a lineup card because she was afraid for her life. On a later date, she positively identified defendant as the shooter. The record before us does not contain any other portions of the preliminary hearing transcript.

### 2. *The trial court's decision*

The trial court held a hearing on the issue of whether defendant had made a prima facie case for relief. When offered the opportunity to be heard, defendant's counsel submitted on the petition. The trial court indicated it was going to deny the petition and later read its ruling into the record at a subsequent hearing.

The court's decision indicated the court had reviewed the information, the probation report, the judgment, a portion of the preliminary hearing transcript containing testimony from a witness to the crime, and the opinion in the prior appeal. The court stated defendant pled guilty to second degree murder and admitted the allegation that he personally used a firearm to be true. The court stated the record of conviction established defendant was the victim's actual killer, and thus, defendant could be found guilty of second degree murder under current law.

## II. DISCUSSION

The trial court erred by denying defendant's petition without issuing an order to show cause. Defendant's petition asserted he was eligible for resentencing and the record of conviction does not conclusively establish otherwise. The

4

probation report was not part of the record of conviction and was not a proper basis to establish ineligibility at the prima facie stage. Defendant's admission to personal use of a firearm did not constitute an admission that he was the actual killer. And reliance on a portion of the preliminary hearing transcript was not permitted at the prima facie stage because there is no evidence in the record demonstrating defendant stipulated to the preliminary hearing testimony as the factual basis for his plea to second degree murder.

### A. Section 1172.6

Under section 1172.6, "person[s] convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter," may file a petition to have that conviction vacated under certain circumstances. (§ 1172.6, subd. (a).) "After the parties have had an opportunity to submit briefing[ ], the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

### B. The Trial Court Erred in Summarily Denying the Petition

"A petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no

5

factfinding, weighing of evidence, or credibility determinations, that . . . the petitioner was the actual killer . . . ." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)  In determining whether a petitioner makes a prima facie case for relief, the court may review the record of conviction.  (*People v. Lewis* (2021) 11 Cal.5th 952, 971-972 & fn. 6.)

The record of conviction allows the court "to distinguish petitions with potential merit from those that are clearly meritless.  This is consistent with the statute's overall purpose: to ensure that . . . culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis*, *supra*, 11 Cal.5th at 971.)  The prima facie inquiry under section 1172.6 is limited and the bar for the showing was "'intentionally and correctly set very low.'" (*Id.* at 972.)

The trial court consulted the information against defendant, his probation report, the judgment, the submitted portion of the preliminary hearing transcript, and the opinion in defendant's prior appeal.  Relying on these sources, the trial court found defendant had not made a prima facie case for relief because the record of conviction established he was the sole participant in the crime and the actual killer.  This was error.

"A probation report 'ordinarily is not part of the record of conviction.'" (*People v. Soto* (2018) 23 Cal.App.5th 813, 816, fn. 2; see also *People v. Trujillo* (2006) 40 Cal.4th 165, 179.)  There is no reason to consider the probation report in this case as part of the record of conviction that the trial court could properly rely on, and the Attorney General does not contend otherwise (arguing

only that any error in considering the probation report was harmless).

Defendant's admission that he personally used a firearm also did not establish his ineligibility for relief as a matter of law. A "finding of personal *use* . . . [does] not in itself prove [a] defendant was the actual killer" or perpetrator. (*People v. Jones* (2003) 30 Cal.4th 1084, 1120, italics added; see generally *People v. Masbruch* (1996) 13 Cal.4th 1001, 1007 ["'Although the use of a firearm connotes something more than a bare potential for use, there need not be conduct which actually produces harm but *only conduct which produces a fear of harm or force by means or display of a firearm in aiding the commission of one of the specified felonies*'"].)

Finally, there is no indication in the record that defendant stipulated the preliminary hearing transcript was the factual basis for his plea. Where no such stipulation is present, reliance upon facts taken from the preliminary hearing transcript is "'impermissible factfinding' at the prima facie stage . . . ." (*People v. Davenport* (2021) 71 Cal.App.5th 476, 481-482 ["We reject Davenport's argument that the preliminary hearing transcript is never part of the record of conviction. [Citation.] We agree, however, that the trial court erred in considering facts from the preliminary hearing transcript here because Davenport did not stipulate to the transcript as a factual basis for his plea"]; see also § 1172.6, subd. (d)(3) [placing limits on consideration of preliminary hearing testimony even at a section 1172.6 hearing following issuance of an order to show cause—which is not the procedural posture here].)

The Attorney General, however, argues the law in this area is "unsettled" and cites *People v. Nguyen* (2020) 53 Cal.App.5th

1154 for the proposition that it can be appropriate for a trial court to rely on a preliminary hearing transcript in deciding whether section 1172.6 is warranted.[2]  The observation, though, does not grapple with the key question.  It is not general reliance on preliminary hearing transcripts that defendant challenges, but rather the trial court's reliance on the transcript in his case where the record does not establish defendant admitted the preliminary hearing transcript was the factual basis for his plea. *Nguyen* does not aid the People on this point, as the record in that case showed Nguyen's attorney did stipulate the preliminary hearing transcript and police reports provided the factual basis for the defendant's plea.

Because the record of conviction does not conclusively establish defendant was either the sole participant in the crime or the actual killer, the trial court needed to first issue an order to show cause and hold a hearing before determining whether defendant is precluded from obtaining section 1172.6 relief.[3]

---

[2]     The California Supreme Court has granted review in a case to decide whether a trial court engaged in impermissible judicial factfinding by relying on a preliminary hearing transcript to deny the defendant's section 1172.6 petition at the prima facie stage. (*People v. Patton* (2023) 89 Cal.App.5th 649, rev. granted June 28, 2023, S279670.)  Subject to further guidance from our Supreme Court, we conclude reliance on the preliminary hearing transcript in this case was impermissible.

[3]     In light of our holding, we need not address defendant's claim that his attorney provided constitutionally defective assistance by submitting on the written petition without any additional argument.

DISPOSITION

The order denying defendant's section 1172.6 petition is reversed.  The matter is remanded to the superior court with directions to issue an order to show cause and to thereafter proceed as required by section 1172.6, subdivision (d).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.

We concur:


MOOR, J.


KIM, J.

9