Filed 2/28/24  P. v. Trejo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. MOSES ANGEL TREJO, Defendant and Appellant. | F085589 (Super. Ct. No. BF176672A) OPINION |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Tiffany Organ-Bowles, Judge.

Erin J. Radekin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Louis M. Vasquez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Hill, P. J., Detjen, J. and Franson, J.

## INTRODUCTION

In 2019, appellant and defendant Moses Angel Trejo (appellant) pleaded no contest to attempted murder and participation in a criminal street gang, and was sentenced to a stipulated term of 22 years four months in prison.

In 2023, the trial court denied appellant's Penal Code[1] section 1172.6 petition for resentencing for failing to state a prima facie case, because he entered his plea to attempted murder after Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) became effective on January 1, 2019.

On appeal, appellant contends, and the People agree, that at the time appellant pleaded no contest to attempted murder, there was a division among the appellate courts as to whether the amendments enacted by Senate Bill 1437 applied to attempted murder convictions. We agree with the parties, and remand the matter for further appropriate proceedings.

## PROCEDURAL BACKGROUND

### The Complaint

On May 9, 2019, a complaint was filed in the Superior Court of Kern County case No. BF176672A, charging appellant with count 1, attempted murder of Jose R. on April 21, 2019 (§§ 664/187, subd. (a), 189), with the gang enhancement (§ 186.22, subd. (b)(1)), and that he personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53 subd. (d)); count 2, assault with a firearm on Jose R. (§ 245, subd. (a)(2)), with the gang enhancement, personal use of a firearm (§ 12022.5, subd. (a)), and personal infliction of great bodily injury (§ 12022.7); and count 3, possession of a firearm by a felon (§ 29800, subd. (a)(1)), with the gang enhancement; and prior conviction allegations.

---

[1] All further statutory citations are to the Penal Code.

**Plea Hearing**

On July 10, 2019, the trial court convened a hearing on a negotiated disposition. The court granted the prosecution's motion to amend the complaint, and stated appellant would plead no contest to count 1, attempted murder, and admit an enhancement for personal use of a firearm (§ 12022.5, subd. (a)); and also plead no contest to a newly added count 4, participation in a criminal street gang (§ 186.22, subd. (a)), with a prior strike conviction, for a stipulated second strike term of 22 years four months. The parties agreed, and appellant said he understood and signed a waiver of rights form. The court advised appellant of his constitutional rights, and appellant said he understood and waived those rights.

The court asked the parties if they stipulated there was "a factual basis for the plea based on the police report," and the prosecutor and defense counsel agreed.[2]

Appellant pleaded no contest to count 1, attempted murder (without premeditation), and admitted the section 12022.5, subdivision (a) firearm enhancement; and count 4, participation in a criminal street gang; and admitted one prior strike conviction. The court granted the prosecution's motion to dismiss the remaining charges and allegations.

**Sentencing**

On August 7, 2019, the trial court sentenced appellant to the upper term of nine years, doubled to 18 years, for count 1, attempted murder, plus three years for the

---

[2]    Appellant apparently entered his plea prior to a preliminary hearing. The probation report contains a summary of a report from the sheriff's department, and stated that on April 21, 2019, deputies responded to a dispatch and found Jose R., who had been shot twice in the back. "Upon arrival, deputies located the victim who was kneeling down on the side of a curb in visible pain…. The victim identified the shooter as 'Moses,' later identified as the defendant, Moses Trejo. The victim stated the defendant fled the area." The victim later identified appellant from a photographic lineup as the shooter. As explained below, we do not rely on this summary to resolve appellant's appeal herein. (*People v. Owens* (2022) 78 Cal.App.5th 1015, 1026.)

section 12022.5, subdivision (a) enhancement; and a consecutive term of one year four months (one-third the midterm), for count 4, for the stipulated term of 22 years four months.

**APPELLANT'S PETITION**

On August 31, 2022, appellant filed, in propria persona, a petition for resentencing pursuant to section 1172.6, and requested appointment of counsel.

Appellant filed a supporting declaration that consisted of a preprinted form where he checked boxes that he was eligible for resentencing because (1) a complaint, information, or indictment was filed that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) he was convicted of murder, attempted murder, or manslaughter following a trial or he accepted a plea offer in lieu of a trial in which he could have been convicted of murder or attempted murder; and (3) he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.

The court appointed counsel to represent appellant and set a briefing schedule.

**The People's Opposition**

On December 8, 2022, the People filed opposition, and requested the court take judicial notice of its own records in case No. BF176672A. The People argued appellant was ineligible for resentencing because he was convicted of attempted murder in 2019, after the amendments to sections 188 and 189, enacted by Senate Bill 1437, went into effect, so that he was convicted of attempted murder under the amended law.

4.

**The Trial Court's Ruling**

On January 11, 2023, the trial court held a hearing on whether appellant made a prima facie showing for relief. Appellant's counsel submitted the matter on the petition.

The prosecutor stated that appellant's conviction "occurred after the law took effect, so the statute does not apply to him and the [c]ourt cannot give relief." The court asked appellant's counsel to reply, and she again submitted the matter.

The court denied the petition for failing to state a prima facie case: "[T]his law applies to people whose cases were convicted prior to January the 1st of 2019. If the paperwork before me is correct, the day of conviction was July 10th, 2019. Indeed, the crime was committed in 2019, so statutorily you're ineligible for relief under [section] 1172.6."

On January 13, 2023, appellant filed a timely notice of appeal.

## DISCUSSION

Appellant contends the trial court erroneously denied his petition because he could have been convicted under the natural and probable consequences doctrine that was eliminated by the amendments initially enacted by Senate Bill 1437, effective on January 1, 2019. Appellant argues the amendments to sections 188 and 189 were found not to be applicable to attempted murder convictions, the dispute was not resolved until Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775) became effective in 2022 and, as a result, appellant did not enter his 2019 plea to attempted murder under the amended law.

The People concede the error, and agree the matter should be remanded for further proceedings based on Senate Bill 775, that became effective on January 1, 2022, and clarified the amendments to sections 188 and 189 also applied to attempted murder convictions. We agree with the parties and remand the matter.

## A. Senate Bill 1437

We begin with the statutory amendments at issue in this case. "Effective January 1, 2019, Senate Bill No. 1437 … amended the felony-murder rule by adding section 189, subdivision (e). [Citation.] It provides that a participant in the qualifying felony is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. [Citation.] The Legislature also amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*People v Harden* (2022) 81 Cal.App.5th 45, 50–51; *People v. Strong* (2022) 13 Cal.5th 698, 707–708.)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended," codified in former section 1170.95. (*People v. Strong*, *supra*, 13 Cal.5th at p. 708.) The original version of the statute permitted "a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill No. 1437." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.)

## B. Initial Interpretations of Senate Bill 1437

As noted by the parties, there were disagreements among appellate courts about the interpretation of Senate Bill 1437 after the legislation went into effect. These disagreements included the question at issue in this case—whether the amendments to sections 188 and 189 also extended to attempted murder convictions that occurred after

the effective date of January 1, 2019, even though attempted murder was not expressly addressed in the amended statutes.

In one group of decisions, appellate courts held the amendments enacted by Senate Bill 1437 only addressed murder and did not extend to attempted murder convictions. (See, e.g., *People v. Lopez* (Aug. 21, 2019) B271516, opn. ordered nonpub. Nov. 10, 2021 [Senate Bill 1437 did not apply retroactively to nonfinal judgments for attempted murder on direct appeal, but defendants could file a petition for resentencing under former section 1170.95]; *People v. Munoz* (Sept. 6, 2019) B283921, opn. ordered nonpub. Jan. 5, 2022 [agreed with *Lopez*]; *People v. Dennis* (Apr. 14, 2020) G055930, opn. ordered nonpub. Jan. 5, 2022 [held on direct appeal that Senate Bill 1437 did not bar defendant's conviction for attempted murder under the natural and probable consequences theory].)**3**

There were appellate courts that took the opposing view, and held the amendments enacted by Senate Bill 1437 eliminated the natural and probable consequences doctrine for both murder and attempted murder convictions after the effective date of January 1, 2019.  (See, e.g., *People v. Medrano* (Dec. 3, 2019) F068714 & F069260, opn. ordered nonpub. Jan. 26, 2022 [in a direct appeal from attempted murder conviction, Senate Bill 1437 eliminated the natural and probable consequences doctrine as a viable theory of accomplice liability for attempted murder]; *People v. Sanchez* (Mar. 16, 2020) F076838, opn. ordered nonpub. Jan. 5, 2022 (*Sanchez*) [agreed with *Medrano* that after Senate Bill 1437 became effective the natural and probable consequences doctrine no longer applied to attempted murder].)

---

**3**    In order to address this issue, we summarize cases that are no longer citable but are relevant to address the state of the law after the effective date of Senate Bill 1437 and at the time of appellant's plea, and the issues that were pending before the Supreme Court when Senate Bill 775 was enacted.  (Cal. Rules of Court, rule 8.1115(e)(3).)

On November 13, 2019, the Supreme Court granted a petition for review in *People v. Lopez, supra,* opn. ordered nonpub. Nov. 10, 2021, and ordered briefing on the following issues: "(1) *Does Senate Bill No. 1437 … apply to attempted murder liability under the natural and probable consequences doctrine*? (2) In order to convict an aider and abettor of attempted willful, deliberate and premeditated murder under the natural and probable consequences doctrine, must a premeditated attempt to murder have been a natural and probable consequence of the target offense?" (Italics added.)

As appellate courts filed additional opinions reaching contrary opinions about Senate Bill 1437 and attempted murder, the Supreme Court granted review in these cases, and deferred briefing pending the decision in *Lopez.* (See, e.g., *Sanchez, supra,* opn. ordered nonpub. Jan. 5, 2022.)

**C. Senate Bill 775**

In October 2021, the Legislature enacted Senate Bill 775, while review in *Lopez* and the other cases was still pending. (*Sanchez, supra,* opn. ordered nonpub. Jan. 5, 2022.) Senate Bill 775 became effective on January 1, 2022, amended former section 1170.95, and " '[c]larifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' " (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

Thereafter, the Supreme Court transferred *Lopez, Sanchez,* and the other pending cases for which review had been granted, back to the appellate courts in light of the amendments enacted by Senate Bill 775. (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 193–194.)

In 2022, three years after appellant's plea in this case, *Sanchez* held that Senate Bill 775 "clarified Senate Bill 1437 by amending [former] section 1170.95 to make clear the natural and probable consequences doctrine no longer supplies accomplice liability to

8.

attempted murder." (*Sanchez*, 75 Cal.App.5th at p. 193.) "Because section 188, subdivision (a)(3), prohibits imputing malice based solely on participation in a crime, the natural and probable consequences doctrine cannot prove an accomplice committed attempted murder. Accordingly, the natural and probable consequences doctrine theory … is now invalid." (*Sanchez*, at p. 196.) *Sanchez* further noted the People "declined to address the issue after the Supreme Court ordered us to reconsider in light of Senate Bill 775." (*Id*. at p. 196, fn. 5.)

## D. Analysis

As demonstrated above, the Supreme Court's grant of review in *Lopez* and briefing order addressed whether Senate Bill 1437's amendments to sections 188 and 189 applied to attempted murder convictions. After Senate Bill 775 was enacted, however, the Supreme Court transferred the pending cases back to the appellate courts and thus failed to settle the issue. (*People v. Sanchez*, *supra*, 75 Cal.App.5th at pp. 193–194.)

The record thus shows that at the time of appellant's plea in 2019, the law was not settled as to whether he could be prosecuted and convicted of attempted murder based on the natural and probable consequences doctrine. The appellate courts disagreed on the issue, the question was pending before the Supreme Court, and the Supreme Court declined to address the issue after Senate Bill 775 was enacted and became effective in 2022.

We thus agree with the parties that the trial court erroneously denied appellant's petition for failing to state a prima facie case, based on its conclusion that his attempted murder conviction was valid because he entered his plea after Senate Bill 1437 became effective in 2019.

The prima facie determination is a question of law, and the trial court may deny a petition if the petitioner is ineligible for resentencing as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 966.) To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must

show it is reasonably probable that, absent error, his or her petition would not have been denied without an evidentiary hearing. (*Lewis*, at pp. 972–974; *People v. Watson* (1956) 46 Cal.2d 818, 836.) In determining whether a petitioner made the requisite prima facie showing, the court may rely on the defendant's record of conviction. (*Lewis*, at p. 970; *People v. Flores* (2022) 76 Cal.App.5th 974, 988.)

The record herein is extremely sparse to make such a finding. Appellant entered his plea prior to a preliminary hearing. At the plea hearing, the parties stipulated to the factual basis for the plea based on "the police report." The probation report contains a summary of the report from the sheriff's department, but that summary consists of hearsay statements. Appellant pleaded to attempted murder and admitted a section 12022.5 firearm enhancement.

A probation report ordinarily is not part of the record of conviction, and a court may not rely on hearsay factual summaries in probation reports to make the prima facie finding. (*People v. Owens*, *supra*, 78 Cal.App.5th 1015, 1026; *People v. Soto* (2018) 23 Cal.App.5th 813, 816, fn. 2.) Appellant's admission that he personally used a firearm also did not establish his ineligibility for relief as a matter of law. (*People v. Jones* (2003) 30 Cal.4th 1084, 1120; *People v. Masbruch* (1996) 13 Cal.4th 1001, 1007.)

We thus remand the matter for the trial court to proceed in a manner consistent with section 1172.6, as amended by Senate Bill 775, and again consider whether appellant's petition stated a prima facie case for resentencing and, if not, to issue an order to show cause and conduct an evidentiary hearing.

## DISPOSITION

The court's order of January 11, 2023, denying appellant's petition for resentencing for failing to state a prima facie case, is reversed and the matter remanded for further appropriate proceedings.